## A. A. SHATTUCK VS. THE STATE.

1. CONTEMPTS:  *Power to punish therefor.*
    Power to punish for contempts is inherent in all courts, especially those of
        superior cognizance.   This is essential to the preservation of order and
        the proper discharge of the judicial functions.

2. SAME:  *Power of court to review for contempt.*
    One court cannot review a contempt committed against another court, nor
        can a judge discharge a prisoner upon *habeas corpus*, committed for a
        contempt of another court.

3. SAME: SAME.
    Although jurisdiction does not belong to an appellate court to review a
        judgment for contempt, yet, if the contempt complained of was not com-
        mitted in the presence of the court, but was for the disregard of its pro-
        cess or disobedience of its precept, common justice demands that the
        offender should have an opportunity to purge himself of the offense.
        The usual practice being to serve a rule on the party to show cause, etc.

4. SAME:  *Attachment.*
    If the respondent fails to make a true return on the writ of *habeas corpus,*
        an attachment is the proper process to bring the party into court to an-
        swer for the contempt.

ERROR to the Circuit Court of *Lee* County.

Hon. B. B. BOONE, Judge.

The facts in this case are very fully stated in the opinion of the
court.

The only question considered by the court being, whether it had jurisdiction of such cases. It is unnecessary to enumerate the various assignment of errors.

1. The writ of *habeas corpus* does not show that it was issued by the officer appointed by the *fiat* of the judge to issue it.

2. The writ of *habeas corpus* was not made returnable within a reasonable time.

3. Final judgment was entered against the appellant, A. A. Shattuck, in the first instance, and without notice to him.

4. Said judgment was based on the *ex parte* affidavits of the attorneys for D. L. Low, the relator, a mode of trial unknown to law and not " by due course of law," repugnant to our constitution, and before any papers in the *habeas corpus* case had been filed in court.

5. Said judgment was rendered in the absence of this appellant.

6. The affidavits of F. S. White, S. M. Meek and L. F. Bradshaw, show that the relator was not in the custody of this appellant.

7. Said affidavits show that if any contempt of the process of the court occurred, it was committed by J. W. Sanders, the jailer of Colfax county, and a party cannot be guilty of contempt by proxy.

8. Said affidavits show that J. H. Shipman, the deputy sheriff of Shattuck, attempted to execute said writ, but was prevented by said jailer.

9. Said affidavits do not show that A. A. Shattuck failed to execute said writ.

10. Said affidavits show that H. B. Whitfield, the district attorney of the seventh judicial district, in which the relator was imprisoned, had forbidden the removal of Low by this appellant.

11. The record shows no notice of this *habeas corpus* proceeding; was issued to or served on the district attorney in whose district the relator was imprisoned.

12. The coroner's return shows that this appellant was, at the

time of said alleged contempt, at his home confined to his bed by severe sickness.

13. The record shows that A. A. Shattuck was not summoned to appear and show cause against the said fine of $500 being made final.

14. The record shows that A. A. Shattuck never was under the jurisdiction of the court to abide its judgment or for any other cause.

15. The record shows that Shattuck was never present before said court, but was sick in bed, and that he was not allowed time nor opportunity to make any defense, but was peremptorily and summarily punished without hearing or trial.

16. A. A. Shattuck has never had his day in court.

17. The record shows that said *habeas corpus* trial was had in vacation, and not before any regular court, and that execution was ordered to issue for said fine, instead of an order that appellant stand committed.

18. The record shows that said *habeas corpus* trial was had in vacation, and not before any regular court, and that execution was ordered to issue for said fine, returnable to the circuit court of Lee county at its regular term, instead of to Chickasaw county.

19. The record shows that the alias writ of *habeas corpus* was issued by the chancery clerk of Lee county.

20. The writ of attachment against Shattuck was issued by the chancery clerk of Lee county, who had no authority, the circuit clerk being the clerk of the court.

*Flaniken & Beckett*, for plaintiff in error :

Construction of the law. Black. Com., 59, 60, §§ 3, 4 and 5; Code, 1871, § 1415 ; see also §§ 1409, 1412, 1415 ; 38 Miss., 331. The judgment is void. 1 S. & M., 351; 4 id., 751 ; 41 Miss., 49 and 668; 10 S. & M., 159; 3 id., 529 ; 4 id., 538 and 549; 1 id., 521 and 584 ; 5 id., 559 ; 7 id., 85, 127 and 449 ; 9 id., 613. The proceedings must be legal or the high court will interfere. Const., art. I, §§ 2 and 7 ; 4 S. & M., 778 ; 10 id., 103 ; 4 How., 401; 7 id., 127 ; 35 Miss., 383 ; 2 J. J. Marsh., 275 ; 4 Paige, 378 ; 1

Va. cases, 330 ; 1 Scam., 440 ; 2 Sand., 724 ; Co. on Lit., 288 ; 3 Scam., 402 ; 6 Johns., 335 ; 1 Hill, 139 ; 6 Cow., 381. The court had but limited or special jurisdiction. Code, 1871, §§ 1400 and 1408. Not generally reviewable, but at discretion. 4 S. & M., 778 ; 13 id., 302 ; 41 Miss., 404 ; 43 id., ·373 ; 37 id., 605. The judgment *nisi* was void for want of notice. 35 Miss., 382 ; 31 id., 133 ; 3 Cush., 883 ; 1 S. & M., 521 ; 7 id., 85 ; 9 id., 613 ; Code, 1871, §§ 225, 226, 286, 700, 2250 and 2253. The judgment was not in due course of law. 7 S. & M., 475 ; 5 How., 157 ; Const., art. I, §§ 2 and 7. He was not present in court. 49 Miss., 716. He must be personally present to purge himself of the contempt. 10 S. & M., 103. The evidence was illegal. 7 S. & M., 475 ; 39 Miss., 318.

*Frank Johnston,* on the same side :

Filed a brief and written argument on the facts, and cited and commented on the following authorities : Black. Com., book IV, 287 ; In re Hickey, 4 S. & M., 783 ; Code, 1871, §§ 410, 411.

*G. E. Harris,* Attorney General, for the state, insisted that this court has no jurisdiction, and cited, 4 S. & M., 754 ; 25 Miss., 883 ; 36 id., 331 ; Code, 1871, §§ 221, 404, 533, 979, 1400, 1407, 1411 and 1414.

SIMRALL, J., delivered the opinion of the court.

A. A. Shattuck, the sheriff of Colfax county, was fined five hundred dollars for contempt, in failing to produce the body of one Love before the judge of the circuit court at Tupelo in Lee county, in obedience to a writ of *habeas corpus* to him directed.

The writ was issued on the 12th of August, 1875, and was made returnable on the 13th, the next day. It appears that the writ was placed in the hands of one Shipman, the deputy sheriff ; the fine was imposed on the 13th of August, and purports to be a final judgment ; on the same day an attachment was issued against Shattuck, directing his arrest and production before the judge on the next day, "to show cause why he detains in custody the body of the said D. L. Love." On the 14th, the coroner

returned on the attachment, "Executed this writ by arresting A. A. Shattuck, he being sick at the time and in his bed." No action was taken on the attachment.

The preliminary question has been presented and argued by counsel, whether this court can review the judgment of an inferior court imposing a punishment for contempt. Power is inherent in all courts, especially those of superior cognizance to punish for contempts of its authority and dignity.. It is essential to the preservation of order and decorum and the proper discharge of the judicial functions. If the breach of decorum, or the indignity to the magistrates of law are committed in the presence of the court, the trial and judgment are instantaneous and summary, both are accomplished *uno flatu*. The offense is against the court and tends to impede and embarrass the administration of justice. One court cannot punish a contempt committed against another, nor can one court judge of a contempt against another. Hence, in Ex parte Adams, 25 Miss., 886, it was held, that a judge could not discharge a person who.had been committed for a contempt of the circuit court. No inquiry could be made, whether a proper case had arisen for punishment or not, whether the judgment was erroneous or not. If the court had jurisdiction and rendered judgment, the prisoner could not be delivered.

In the case of Watson *v.* Williams, 36 Miss., 341, *et seq.*, the right to review a judgment for contempt on a writ of error, was most elaborately investigated on authority, and the conclusion reached that the court did not have such appellate power. The court closes its opinion with these words: "We have just seen from a review of the decisions of highest authority, both in England and in this country, that by the common law such jurisdiction does not belong to a court of errors and appeals. Hence, our constitution seems not only not to confer, but to deny this jurisdiction to the high court of errors and appeals." Cases cited in 5th Yerg., 456 ; 1 Black. (Ind.), 166, and 1 Bibb., 600, are to the same effect. Also, Easton *v.* State, 39 Ala., 551.

Although the judgment for contempt cannot be reconsidered on

*habeas corpus,* nor reviewed on writ of error, yet, if the court had not jurisdiction, the order would be void. If the act complained of was done in *facie curiæ,* the offender being in the presence of the court, may at once be punished.

But if the act is alleged to be in disregard of the process of the court, or disobedience of its precepts, or done, not in its presence, then common justice should require that the court should inquire into the facts and afford the offender an opportunity to purge himself.

The practice is to serve a rule on the party to show cause. Hollingsworth *v.* Duane, Wall., 141. If the respondent has not made a true return on the writ of *habeas corpus,* attachment is the proper remedy to bring the party into court to purge himself of the contempt. Worcester *v.* Truman, 1 McLain, 483 ; Gates *v.* M'Daniel, 3 Port, (Ala.), 356 ; United States *v.* Dodge, 2 Gall., 313 ; United States *v.* Green, 3 Mason, 482. In such cases, notice in some form must be given.

It may be, therefore, for want of notice, the sheriff not being in court, but sick at home in Colfax county, that the judgment imposing the fine is void, and that it may be assailed by motion to quash the execution. If void, it cannot be legally enforced ; but we have no authority to decide on that point, since we dismiss the appeal for want of jurisdiction.