## JOHN WHITLEY v. STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Evidence. Confessions. Threats.*

A confession of a defendant, extorted by threats, is not admissible in evidence.

2. SAME. *Second confession. Presumption.*

Where a confession is made under the influence of threats, a subsequent confession will not be admissible in evidence until such influence is shown to have been totally removed.

---

---

3. SAME. *Statement of fact afterwards proved.*

> The statement by a defendant as part of a confession extorted by
> threats, that a sack containing money could be found in a certain
> place, is not admissible in evidence on a trial for murder, although
> the sack and the money were there found, if neither the sack nor
> the money be identified or in any way connected with the crime.
> *Belote* v. *State*, 36 Miss., 96, distinguished.

FROM the circuit court of DeSoto county.

HON. Z. M. STEPHENS, Judge.

Whitley, the appellant, was indicted and convicted of murder
in the court below, and appealed to the supreme court. The
facts are stated in the opinion of the court.

*Farley & Lauderdale*, for appellant.

The first confession should not have been admitted in evi-
dence, because it was extorted by threats. Its admission was
an outrage on defendant, which was not relieved of its conse-
quences by the court subsequently excluding it from consider-
ation by the jury.

The second confession was made under the influence of the
threats by which the first one was extorted. The state did not
show, or even offer or attempt to show, that the influence was
removed. Such an influence is presumed to continue, especially
where the second confession is made to or in the presence of
the parties who extorted the first confession. *Peter* v. *State*,
4 Smed. & M., 31.

*Monroe McClurg*, attorney-general, for the appellant.

The following authorities maintain the admissibility of the
statement by defendant about the sack and the money: 1
Wharton on Crim. Ev., 695; 1 Greenleaf on Ev., 332; *Belote*
v. *State*, 36 Miss., 96; 6 Am. & Eng. Enc. L. (2d ed.), 551.
The court below excluded the first confession, and the second
one was not extorted.

TERRAL, J., delivered the opinion of the court.

John Whitley was sentenced to be hanged by the circuit

court of DeSoto county, and he appeals from the judgment of the court. Meriwether and Gore, the latter being a deputy sheriff, rescued the defendant from the hands of a mob, and held him in custody for the murder of Brice Martin. On the day of the arrest, upon the threat of Meriwether and Gore to deliver him back to the mob unless he should confess to the killing of Martin, and upon their assurance that the mob would kill him if delivered to them, the defendant made a circumstantial statement of the killing of the deceased without any provocation, and of getting from Martin's person a sack containing $6.50 or $7.50, and of hiding the money at a certain place designated by him and known to them, where, the next day, the sack and money were found. These confessions were admitted by the court as being freely and voluntarily given, and proof, also, was made as to the finding of the sack and money where the prisoner stated them to be, upon which much value seems to be set by the prosecution. On the next day after the making of the first confession, while going out to get the money and sack hidden by the defendant, being in charge of Sheriff Williamson and of Deputy Sheriff Gore and Meriwether, to which two last named persons the first confession had been made, the defendant, at the instance of Gore, made a second confession, both to Gore and to Williamson, of the killing of Martin, without any cause, except that Martin "fussed" at him for spitting upon him. Gore says that he assured Whitley that he was safe from the mob, and insisted that he should then tell the truth of the matter to him and to the sheriff; but it is to be noted that the parties then were in search of evidence to corroborate and fortify the vicious confession of the day before. There was other evidence in the case, not necessary to be here recited.

Before the case was submitted to the jury, the court excluded the confession of Whitley made on the day of his arrest, but refused to exclude the evidence relating to the finding of the money and sack containing it, which Whitley said he had

gotten from the person of the deceased and had hidden, and which was found where he said it had been hidden. The motion of the defendant to exclude the confessions made the day next after the arrest was overruled.

The court properly excluded the confessions made to Meriwether and Gore under threat to deliver him back to the mob unless he should confess. It was incompetent. It should not have been admitted in the first instance, but should have been promptly rejected when offered, before reaching the ears of the jury. It was but tardy justice to exclude this evidence upon a second objection to it, after its baleful influence had affected the minds of the jury; but what relation the sack and money, concerning which the evidence was not excluded, had to the case it is difficult to see. The finding of the sack and money where Whitley said they could be found is certainly no more nor stronger evidence than if found upon his person. Neither money nor sack was identified, and if they had been found on the person of Whitley they proved nothing. The admission of the circumstances relating to the money and sack containing it. is not justified by anything said by the court in *Belote's case,* 36 Miss., 96.

It is said that the confession made the day after the arrest, to Gore, the deputy sheriff, to whom on the day before he had confessed under a threat of handing him over to the mob if he did not confess, and his confession made at the same time or on the same day to sheriff Williamson, at the insistence of Gore, should be excluded, because it is not shown that the influence of the threats of the day previous had ended or had ceased to operate; and the court is of the opinion that the objection is well taken, and that said confessions should have been excluded. The second confession was made the next day after the first, and while the parties to whom it was made were in quest of circumstances to fortify the first one, and there is ground to suppose the influence first operating upon the defendant's mind was still affecting it. Where a confession is made under the

influence of threats, such influence is presumed to continue until removed by evidence, and a subsequent confession will not be received unless the influence of the first confession is shown to have been totally done away with by a warning of the consequences of a confession or by other means. 1 Greenl. Ev., sec. 221; *Peter* v. *State,* 4 Smed. & M., 31; *Van Buren* v. *State,* 24 Miss., 516; *Simon* v. *State,* 37 Miss., 288.

*Reversed and remanded.*