82  459
s83    6

SAMUEL MACKMASTERS *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW.  *Confessions.  Evidence.  Inducements.  Officers.*

A confession made to an officer, having the custody of the accused, after a statement by the latter to the former to the effect that he would tell the officer all about the crime if the officer would help him out, and a promise by the officer to do so, is inadmissible.

2. SAME.  *Second confession.  Presumption.*

When a first confession was not free and voluntary, but made under inducements or because of threats, subsequent confessions, although at the time they are made, no new inducement is offered or threat made, are not admissible in evidence unless clearly shown not to be attributable to the inducements or threats under which the first one was made.

FROM the circuit court of Tishomingo county.

HON. EUGENE O. SYKES, Judge.

Mackmasters, appellant, was indicted for the murder of his own father, Uriah Mackmasters. On his first trial he was convicted of manslaughter and appealed to the supreme court, where the conviction was reversed and the cause remanded for a new trial. See *Mackmasters v. State*, 81 Miss., 374.

A second trial was had and defendant again convicted of manslaughter, and he again appealed (this appeal) to the supreme court. The facts are sufficiently stated in the opinion of the court.

*Candler & Sawyer,* for appellant.

It is clear that the confession and its subsequent repetitions were superinduced by the reply of the deputy sheriff, Wallace Harvey, to the defendant when he asked him, "What would they do with a man for killing his daddy in self-defense?" A. "They will put you in the penitentiary for five or six years, and I will help you out."

*J. N. Flowers,* assistant attorney general, for appellee.

The confession of the appellant was before this court on the former appeal and the admission of proof of it was not declared to be error.

This is the same confession. It is freer from doubt, as now presented by several witnesses, than it was when made alone to Harvey.

Argued orally by *E. S. Candler, Jr.,* for appellant.

PRICE, J., delivered the opinion of the court.

Appellant was indicted for the murder of his father by the grand jury of Tishomingo county, convicted of manslaughter, and upon a former appeal to this court, 81 Miss., 374, s. c., 33 South., 2, the case was reversed and remanded. At the January term, 1903, of the circuit court, he was put upon trial for manslaughter, convicted, and sentenced for a term of twenty years in the state penitentiary. The state, over defendant's objection, introduced in evidence confessions made by the defendant while in the county jail, and before his trial. The question presented by this appeal is, were the confessions free and voluntary, under the law? The same point was raised when this case was before this court on the former appeal, but upon the first trial the defendant was introduced and testified, and, in substance, his testimony seems not to have been in serious conflict with the alleged confessions; but upon the record as now presented, the defendant was not a witness, and whether the

confessions were free and voluntary now becomes one of material importance.

The appellant, his father, and his brothers were on bad terms—had carried guns and other weapons for each other. For a long while there had been serious trouble and some shooting between members of the family. Deceased was killed on Sunday night, October 27, 1901, within about four hundred yards of his own residence, and within about one hundred yards of the appellant's residence. When suspicion began to rest on appellant, he grew uneasy, and feared a mob from his own family; and while in jail, in care of the deputy sheriff, Wallace Harvey, at every opportunity he begged to be protected from the mob. His fears seemed not to be based upon the enormity of his crime, but upon the mere fact that one should ever be compelled to take the life of his father under any circumstances. There is no substantial evidence, aside from the confessions, to connect appellant with the killing. Wallace Harvey was the deputy sheriff, and attended the prisoner in the county jail; and, among other things, Harvey testified: "He was in jail, and sent for me to come down there. He wanted to see me. He sent for me a great many times. He told me if I would help him out he would tell me about this murder. I told him that I could not do anything for him more than I could do for him officially. He said he was afraid folks down there would mob him. I told him that he need have no fears of a mob; that I, as deputy sheriff, would protect him. He said that if I would see that he got bond, and if I would help him out, he would tell me. *Ques.*—What hope of reward, or fear of violence, did you hold out to him to make that statement? *Ans.*—He asked me, 'Do you reckon they would hang a fellow for killing his daddy in self-defense?' And I said, 'I don't know; they would be liable to send you to the pen for five or ten years.' He then said, 'What would you do? Would you help me out if they send me there?' I said, 'Yes; I would be

willing to help you out myself.' " There were other confessions made subsequently, while in the jail, to one Mr. Lambert. Lambert had also talked to Harvey about the confessions. If the confession made to Harvey is not free and voluntary, then the subsequent statements to Lambert are tainted with the same inducements, and are to be attributed to the first cause moving the defendant to make the confession to Harvey, unless the evidence clearly shows otherwise. Under the decisions of this court it is clear that the confessions were not free and voluntary, and the objections made to their introduction in evidence should have been sustained. *Peter* v. *State,* 4 Smed. & M., 31; *Van Buren* v. *State,* 24 Miss., 516; *Simon* v. *State,* 37 Miss., 288; *Williams* v. *State,* 72 Miss., 117, 16 South., 296; *Whitley* v. *State,* 78 Miss., 255, 28 South., 852, 53 L. R. A., 402; *Ammons* v. *State,* 80 Miss., 593, 32 South., 9; *Ellis* v. *State,* 65 Miss., 44, 3 South., 188, 7 Am. St. Rep., 634.

*Reversed and remanded.*