BRODIE REASON V. STATE OF MISSISSIPPI.

[48 South. 820.]

CRIMINAL LAW AND PROCEDURE. *Evidence. Confessions. Second Confession. Presumption.*

> A confession extorted by threats is not admissible in evidence, nor is a subsequent one unless the influence of the threats be shown to have been wholly removed.

FROM the circuit court of Marshall county.

HON. WILLIAM A. ROANE, Judge.

Reason, appellant, was indicted, and tried for and convicted of the murder of his father, Henry Reason, sentenced to the penitentiary for life, and appealed to the supreme court.

The state failed to prove by any eyewitness that appellant committed the homicide; appellant himself denying that he was guilty of the crime. The conviction rested, aside from the confession hereinafter mentioned, on the testimony of his younger fourteen years old brother, Frank Reason, to the effect that appellant had made threats against his father shortly before the killing, and shortly after the fatal shot ran from the house in which the killing occurred. This witness had, however, twice previously testified altogether differently, affirming that appellant was not guilty. The state also introduced testimony of an alleged confession by appellant to the sheriff and his deputies, which appellant contended was extorted by threats.

*D. M. Featherston,* for appellant.

Appellant testified, without contradiction, that his original confession of guilt was extorted from him by threats to the effect that if he did not admit his guilt he would be hanged as soon as he reached Holly Springs. While this original confession was not admitted in evidence, the court below erroneously

permitted the state over appellant's objection to show that it was reiterated .when the prisoner reached Holly Springs.    This was error.    *Whitley v. State,* 78 Miss. 255, 28 South. 852.

A confession of guilt to be admissable in evidence must be free and voluntary, not extorted by fear or induced by threats or personal violence or hope held out by promise of reward. *Peter v. State,* 4 Smed. & M. 31; *Van Buren v. State,* 24 Miss. 512; *Simon v. State,* 37 Miss 288; *Whitley v. State,* 78 Miss. 255, 28 South. 852; *Smith v. State,* 72 Miss. 420, 18 South. 422; *Ammon v. State,* 80 Miss. 592, 32 South. 9; *Mackmaster v. State,* 82 Miss. 459, 34 South. 156; *Banks v. State,* 47 South. 437.

*George Butler,* assistant attorney-general, for appellee.

It is true that there is some testimony that the confession was extorted by threats.    But the extorted confession was not offered in evidence.    The confession proved on the trial was subsequently made in the jail at Holly Springs.    Accordingly, the cases cited by the learned counsel for appellant are not in point. The competency of the evidence .was determined by the trial court.    The court heard all the facts and circumstances relating to the confession and after a full hearing. decided that the sheriff's testimony in regard to the confession should be admitted. In the case of *Simmons v. State,* 61 Miss. 243, this court held that the jury has nothing to do with the competency of the confession.    Be that as it may, the instructions to the jury. covered the matter, and this court will readily see that the instructions rectly announced the law.

Argued orally by *J. C. Longstreet,* for appellant, and by *George Butler,* assistant attorney-general, for appellee.

FLETCHER, J., delivered the opinion of the court.

This conviction rests on the testimony of Frank Reason and the alleged confessions of appellant.    There can be no doubt

that Frank Reason's testimony is greatly weakened by the fact that he had twice previously testified that appellant was not guilty. This being conceded, it was of the first importance that appellant should not have his case prejudiced by the admission of incompetent testimony. Now, appellant testifies, without pretense of contradiction, that his original confession was extorted by threats to the effect that if he did not admit his guilt he would be hanged as soon as he reached Holly Springs. It is true this original confession was not admitted in testimony; but the court permitted the state, over appellant's objection, to show that the original confession was repeated and confirmed at the very instant the prisoner reached Holly Springs. It is too plain for argument that this reiterated confession was induced by the same cause that underlay the first confession, since the danger of immediate death at Holly Springs could, in the opinion of the prisoner, be averted only by adhering to his story. The case falls within the principles of *Whitley v. State,* 78 Miss. 255, 28 South. 852, 53 L. R. A. 402, where it is said: "Where a confession is made under the influence of threats, such influence is presumed to continue until removed by evidence, and a subsequent confession will not be received, unless the influence of the first confession is shown to have been totally done away with, by a warning of the consequences of a confession, or by other means." See also the cases of *Banks v. State,* 47 South. 437; *Durham v. State,* 47 South. 545.

*Reversed and remanded.*