## STATE *v.* MORGAN.

[75 South. 441, Division A.]

HABEAS CORPUS. *Scope of inquiry. Guilt or innocence.*

> Where a party was arrested under a warrant returnable before a justice of the peace and before the trial before such justice, sued out a writ of *habeas corpus,* on the trial of such writ the guilt or innocence of the relator was not material and should not have been inquired into by the court; that question being for the determination of the justice of the peace before whom the warrant upon which the relator was arrested was returnable.

APPEAL from the circuit court of Lee county.

HON. CLAUDE CLAYTON, Judge.

Lon Morgan was charged with enticing away a servant, and on arrest sued out a writ of *habeas corpus* against G. W. Long, sheriff. From a judgment discharging relator, the sheriff appeals.

A justice of the peace of Webster county issued a warrant directed to any officer of Lee county for the arrest of appellee, which warrant commanded the officer to bring the appellee before said justice of the peace on a charge of willfully and unlawfully enticing away one Shafer, a minor, who had contracted with one Gibson for a specified time, before the expiration of his contract and without the consent of his employer. The sheriff of Lee county arrested the appellee under the above warrant and was preparing to return him to

Webster county, when appellee sued out a writ of *habeas corpus* before the circuit judge alleging that the law under which he was being prosecuted (section 1146, Code 1906) was unconstitutional and void, and that he was unlawfully deprived of his liberty. The sheriff answered the petition filed by appellee, and exhibited the warrant directed to him by the justice of the peace of Webster county. On the trial, over the objection of the respondent, the appellee was permitted to introduce testimony going to show that he was innocent of the charge preferred against him, and the trial judge entered a judgment discharging appellee, said judgment being as follows:

"Came on to be heard this cause  . . .  on petition for writ of *habeas corpus*, *fiat*, writ, answer of G. W. Long, sheriff, and testimony taken in open court; and, it appearing to the satisfaction of the court that the relief prayed for in the petition should be granted, and that Lon Morgan is unlawfully held and restrained of his liberty by said G. W. Long, sheriff, it is therefore ordered that said Lon Morgan be discharged and set at liberty."

*J. E. Rankin,* for appellant.

Over the objection of the attorney for the respondent the petitioner was permitted to introduce testimony to the effect that he was innocent of the offense set out in the warrant, and the petitioner was released from custody.

In reply to the first contention of the appellee to the effect that the law ( section 1146 of the Code of 1906) is unconstitutional and void, we desire to say that said section has been held valid by this court in the case of *Hoole* v. *Dorrah*, 22 So. 829.

In that case the court said: "We have not been able to see wherein it (the section above referred to) is

obnoxious to any of the provisions of the federal or state constitutions.''

The question whether or not the petitioner had violated any law was not a subject of inquiry on the trial of the writ of *habeas corpus*. This was a matter of defense and should have been reserved for the trial court in Webster county. ''Mere matters of defense must be reserved for decision in the trial court.'' 21 Cyc. 325. Citing *Ex Parte Collier,* 12 So. 597.

In that case the petitioner was arrested by the sheriff of Washington county on a writ issued by a justice of the peace, on a charge that he had escaped from the custody of the city contractor for prisoners, and the sheriff had him in custody when the writ of *habeas corpus* was issued, by virtue of the writ issued by the justice of the peace. The relator relied on the fact that his former imprisonment was not legal because he was not given his warrant of detention, as the law directs, and therefore, could not be tried for such escape. On the trial he was remanded to the custody of the sheriff, and he appealed and assigned as error: ''That the court erred in not considering the fact as to whether the relator was, at the time he was delivered to the convict contractor by the city authorities, given his warrant of detention as such convict, according to law.''

The case was affirmed by the supreme court, and in passing upon the question Campbell, C. J., said: ''The matter which petitioner desired to litigate is matter of defense on trial of the charge on which he was arrested and held by the sheriff, and was not available on the *habeas corpus*. The prisoner was properly remanded in custody.''

We submit that the question whether or not the petitioner in this case had violated any law in Webster county, was not a subject for investigating by the circuit court of Lee county on a wirt of *habeas corpus,* but should have been reserved for the trial court in Webster county.

The circuit court of Lee county was without jurisdiction to investigate the petitioner's guilt or innocence of the crime with which he was charged in Webster county. Section 2456 of the Code of 1906 reads as follows: "The writ of *habeas corpus* shall be returnable forthwith, or on a particular day within a reasonable time, and at a place to be named by the judge granting the writ. But when granted by a circuit judge or chancellor, on the application of any person in custody, before conviction upon a criminal charge unde the laws of this state, the judge or chancellor shall cause the writ to be made returnable at a convenient place in the county in which the offense is alleged to have been committed, unless so doing will interfere with his holding of a term of court."

. Under this section of the Code, we submit that the circuit court of Lee county was absolutely withou jurisdiction in this case, inasmuch as the offense charged in the original warrant was alleged to have been committed in Webster county.

The supreme court of this state in *Ex Parte Patterson,* 15 So. 794, held that this section is applicable to cases on *habeas corpus* in which the merits are to be gone into and an examination of witnesses had as to the legality of the relator's detention. Just what was done in this case?

This petitioner is charged with a crime in Webster county, a warrant was issued for him, and he was arrested, and an attempt made by the officers of the law to return him to Webster county, but this proceeding was blocked by the *habeas corpus* proceeding, an the petitioner is today running at large in Lee county, without ever having answered the charge in Webster county.

If such a proceeding is proper, I submit that the writ of *habeas corpus* has lost its effect as a salutary defense against arbitrary power, and instead of being a shield for the innocent, it has become a sword in the

hands of the offender and is more of an instrument for the escape of criminals from just punishment of the law, than a protection for the innocent against oppression.

*George H. Hill,* for appellee.

There is not a line of testimony to show that appellee was guilty of any offense known to the law, or had ever been in Webster county. Can an innocent man be arrested and carried from one end of the state to the other, and be denied a writ of *habaes corpus?* Then indeed has the writ of *habaes corpus* "lost its effect as a salutary defense against arbitrary power," and is "no longer a shield for the innocent." Section 2445 provides that: "The writ of *habeas corpus* shall extend to all cases of illegal confinement, or detention, by which any person is deprived of his liberty."

There is no authority of law for confining and depriving of his liberty an innocent man. Appellee was illegally deprived of his liberty. How can a justice of the peace obtain jurisdiction of appellee, when appellee has not been in the justice's district, and has not committed any offense? This prosecution was started for the sole purpose of forcing a return of the minor, Frank Shafer, to Webster county. Has it come to pass that you must drive your brother-in-law from your home when he comes to see you, or take the chance of being arrested and carried from one end of the state to the other, and that too, when your brother-in-law is a minor, and if under a contract at all, it would be an illegal one? If such is the case then the writ of *habeas corpus* "is no longer a shield for the innocent." The court did not err in investigating the facts before the trial of appellee by the justice of the peace. See *Ex Parte Wesley Jackson,* 63 So. 571.

There is no testimony that would warrant a justice of the peace in finding appellee guilty, and no grand jury

would be warranted in returning an indictment against appellee on this testimony. If appellee had been convicted on a proper affidavit then, under section 2446 of the Code of 1906, his remedy would be by appeal, but such is not the case here.

With reference to the jurisdiction of the circuit judge in this matter, in the very case cited by the learned county attorney, decides that section 2456 is "directory" merely, and "not jurisdictional." The finding of the circuit judge is presumptively correct. See, *Ex Parte Newsom*, 58 So. 539; *Ex Parte Sims*, — So. 1016. The judgment should be affirmed.

Smith, C. J., delivered the opinion of the court.

The guilt or innocence of the relator is not material in this proceeding, and should not have been inquired into by the court below; that question being for the determination of the justice of the peace before whom the writ upon which the relator was arrested is returnable.

*Reversed and remanded.*