WALL v. QUIN et al.*

(Division A.  Nov. 21, 1927.)

[114 So. 744.  No. 26703.]

1. CRIMINAL LAW.  *That arrest was illegal did not affect validity of
charges of unlawfully carrying concealed weapons, for which
petitioner was held.*

That arrest of petitioner, seeking writ of *habeas corpus*, on war-
rant issued by justice of peace in Louisiana directed to Louisiana
sheriff was illegal did not affect validity of charges of unlawfully
carrying concealed weapons pending before justice of the peace
and before police justice, who had also issued warrants for
his arrest, and for which charges he was held.

2. HABEAS CORPUS. *Question of admissibility of evidence, secured as result of unlawful arrest at trial could not be determined in habeas corpus proceeding.*

Question of admissibility of evidence, secured as result of unlawful arrest and search, at trial of accused on charges of unlawfully carrying concealed weapons could not be determined in *habeas corpus* proceeding.

3. HABEAS CORPUS. *Guilt of petitioner could not be determined in habeas corpus proceeding.*

Guilt or innocence of petitioner of offenses with which he was charged, and for which he was held, could not be determined in *habeas corpus* proceeding, such question being for determination of justice of peace and police justice before whom writs upon which petitioner was arrested were returnable.

4. HABEAS CORPUS. *Disqualification of justice of peace for pecuniary interest in prosecution could not be attacked by habeas corpus proceeding.*

Disqualification of justice of peace on account of pecuniary interest in result of prosecution for crime for which petitioner was held could not be collaterally attacked in *habeas corpus* proceeding.

5. EXTRADITION. *Affidavit charging petitioner with being fugitive from justice held in due and proper form (Hemingway's Code 1927, section 1369).*

Affidavit charging petitioner was "a fugitive from justice, from the parish of Tangipahoa, state of Louisiana, an indictment having been returned by a grand jury of said parish and state, on January 18, 1927, charging the defendant with resisting an officer, the crime being a felony in said state, as shown by Acts 1865 of Revised Statute of said state," *held* in due and proper form, under Hemingway's Code 1927, section 1369 (Code 1906, section 1542).

6. EXTRADITION. *Warrant for arrest of petitioner as fugitive from justice, commanding he be forthwith arrested and brought before justice, made warrant returnable instanter, and no other return day was required (Hemingway's Code 1927, sections 1369 and 1370).*

Warrant for arrest of petitioner as fugitive from justice, commanding that petitioner be forthwith arrested and brought before justice of peace to answer charge, in effect, made warrant returnable before justice of peace *instanter*, and no other or later return day was required to be named therein, under Hemingway's Code 1927, sections 1369 and 1370 (Code 1906, sections 1542, 1543).

7. BAIL. *Justice of peace and police justice before whom warrants for arrest of petitioner for carrying concealed weapons were made returnable had authority to fix amount of bail and to take recognizance.*

Justice of peace and police justice before whom warrants for arrest of petitioner for unlawfully carrying concealed weapons was made returnable had full authority to fix amount of bail to be required of him and to take his recognizance or bond.

8. HABEAS CORPUS. *Relator held duly charged before court having jurisdiction and not illegally restrained, and habeas corpus was properly refused.*

Where affidavits charging relator with commission of offenses were valid and sufficiently charged commission of crimes within jurisdiction of officers issuing same, and relator was not denied bail or right to speedy trial or examination thereon, he was not illegally confined nor restrained of his liberty, and chancellor properly refused to grant writ of *habeas corpus.*

---

*Corpus Juris-Cyc. References: Bail, 6CJ, p. 974, n. 22; Criminal Law, 16CJ, p. 301, n. 95; p. 304, n. 35; Extradition, 25CJ, p. 261, n. 7; Habeas Corpus, 29CJ, p. 24, n. 86, 93; p. 41, n. 16; p. 46, n. 68. On necessity that affidavit in extradition proceedings show that accused charged with commission of crime, see 11 R. C. L. 734, *et seq.*

APPEAL from chancery court of Pike county.

HON. R. W. CUTRER, Chancellor.

Petition for a writ of *habeas corpus* by Nin Wall against O. P. Quin and others. From a decree dismissing the petition, petitioner appeals. Affirmed.

*Williams & Hunt* and *J. S. McGuire,* for appellant.

An officer in Mississippi cannot execute a warrant issued in another state. Jud. Code U. S., sec. 57; U. S. Comp. St., sec. 1039; U. S. Rev. St., sec. 716-1014; U. S. Comp. St., secs. 1239-1674; *Passett* v. *Chase, Sheriff* (Fla.), 107 So. 689.

Any evidence procured by unlawful search or seizure is inadmissible. *Faulkner* v. *State,* 134 Miss. 253, 98 So. 691; *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L.

148 Miss.—22.

R. 1377; *Williams* v. *State,* 129 Miss. 469, 92 So. 584; *Butler* v. *State,* 129 Miss. 778; 93 So. 3; *State* v. *Patterson,* 130 Miss. 680, 95 So. 96; *Smith* v. *State,* 133 Miss. 730, 98 So. 344; *Owens* v. *State,* 133 Miss. 753, 98 So. 233; *Strangi* v. *State,* 134 Miss. 31, 98 So. 340; *Taylor* v. *State,* 134 Miss. 110, 98 So. 459; *Rignall* v. *State,* 134 Miss. 169, 98 So. 444; *McCarty* v. *Gulfport,* 134 Miss. 644, 99 So. 501; *Cuevas* v. *Gulfport,* 134 Miss. 644, 99 So. 503; *Matthews* v. *State,* 134 Miss. 807, 100 So. 18; *Wells* v. *State,* 135 Miss. 764, 100 So. 674; *Jordon* v. *State,* 135 Miss. 785, 100 So. 384; *Butler* v. *State,* 135 Miss. 885, 101 So. 193; *Morton* v. *State,* 136 Miss. 850, 101 So. 706; *Deaton* v. *State,* 137 Miss. 164, 102 So. 175; *Borders* v. *State,* 138 Miss. 788, 104 So. 145; *Orick* v. *State,* 140 Miss. 184, 105 So. 465; *Harrell* v. *State,* 140 Miss. 737, 106 So. 268; *Spears* v. *State,* 134 Miss. 569, 99 So. 361; *Nicaise* v. *State,* 141 Miss. 611, 106 So. 817; *Brewer* v. *State,* 142 Miss. 100, 107 So. 376; *Cantelberry* v. *State,* 142 Miss. 462, 107 So. 672; *Lee* v. *City of Oxford,* 134 Miss. 647, 99 So. 509.

A search warrant issued by a justice of the peace to search the person is void, and liquor found on person of accused on search pursuant to such warrant is inadmissible as evidence. *Comby* v. *State,* 141 Miss. 561, 106 So. 827; *Duckworth* v. *Taylorsville,* 142 Miss. 440, 107 So. 666; *Cantelberry* v. *State,* 142 Miss. 462, 107 So. 672; *Robinson* v. *State,* 143 Miss. 247, 108 So. 903.

W. M. Gwin, and D. M. Huff, justices of the peace, had no authority under the law to try appellant on a charge of carrying a concealed weapon, or to entertain any sort of affidavit against him, for that both of them are holding office in the state of Mississippi, and receive as pay fees in cases, in which a conviction is had, and are thus and thereby interested in a pecuniary way in a conviction of appellant, and that as such, under the ruling of the United States, in the celebrated Ohio case, *Turner* v. *State,* — L. Ed. —, a conviction in either of said courts would have been illegal and unlawful, and violative of the Constitution of the United States.

The court was manifestly in error in remanding appellant to jail without the benefit of bond, especially in view of the fact, assuming that an officer in Mississippi might arrest on a *capias* addressed to the officer of Louisiana, and assuming that the proceedings in the court of D. M. Huff were regular, even though constitutional, after a hearing on the petition of the writ of *habeas corpus* as each of the crimes alleged to have been committed, and a *capias* issued thereon by a proper authority of Louisiana called for bail in the sum of five hundred dollars in one case, and seven hundred fifty dollars in the other, and even though appellant who was at the time in Mississippi, the asylum state and though the demanding state, Louisiana, was seeking his recovery, that the demanding state had not asked for bond in excess of one thousand two hundred fifty dollars, yet the court arbitrarily, even though a bond had been fixed by the demanding state in such sum as they thought amply sufficient, absolutely and wholly declined to fix at said sum, but proceeded to remand him to jail without bail, and thus treated your appellant as a murderer, who had maliciously, wilfully and deliberately taken the life of a human being.

*J. A. Lauderdale,* for appellee.

The facts shows that appellant was held under and by virtue of four separate and distinct warrants. If appellant was held legally by any one of said warrants the decree of the chancellor must be sustained. The affidavit filed before W. M. Gwin, justice of peace, charging appellant with the commission of a misdemeanor and the warrant issued thereunder are good and valid.

Appellant contends that he was illegally held under and by virtue of this warrant; first, because the evidence upon which the affidavit was made was illegally secured, and, second, because the justice of the peace was disqualified to try the appellant upon said charge because

of his alleged pecuniary interest in the outcome of the suit. These questions were questions to be determined on the trial of the case on its merits before the justice of the peace. A writ of *habeas corpus* is not the proper remedy. Assuming that the contentions of counsel are correct, these questions should have presented on the trial of the case on its merits. If in fact, the testimony offered by the state was inadmissible, it could have been excluded on objection by counsel for defendant. See *Blowe* v. *State,* 130 Miss. 112; *State* v. *Morgan,* 114 Miss. 639.

The defendant's only remedy was by trial before the justice of peace and then by appeal to the circuit court and then to the supreme court and he was not entitled to invoke the writ of *habeas corpus.* There is no contention made that the affidavits hereinbefore mentioned did not charge the commission of crimes. Neither is it contended that the justice of the peace did not have jurisdiction to try said causes. *Giles* v. *The State,* 36 Miss. 637; *Grubbs* v. *The State,* 79 Miss. 358; *Smith* v. *The State,* 79 Miss. 373; *Dixon* v. *Rowland,* 143 Miss. 270.; *Donnell* v. *State,* 48 Miss. 661.

The chancellor had no authority to grant appellant bail pending an appeal in this case. He was charged with carrying concealed weapons and with being a fugitive from justice. The allegations in the petition do not allege that the sheriff refused to grant the appellant bail on the warrants in the cases charging him with carrying concealed weapons. He could have easily secured bail on these charges or else he could have demanded trial. In the other case charging him with being a fugitive from justice, the sheriff could have granted him bail or it could have been granted him after a hearing before a justice of the peace. The appellant could have secured his liberty in this way by giving bonds as required, and, inasmuch as the petition does not allege that he was denied bail, it is to be assumed that the sheriff and the justice of the peace would have complied with the law. In other words, the decree of the chancellor was not nec-

essary to grant the appellant bail. He could have and, even now, may secure bail without a decree from the chancellor.

CooK, J., delivered the opinion of the court.

The appellant, Nin Wall, presented to the chancellor of the Fourth chancery court district a petition for a writ of *habeas corpus,* praying that he be discharged from the custody of certain officers of Pike county. After hearing the cause, the chancellor denied the relief sought and dismissed the petition, and from this decree, this appeal was prosecuted.

On the 18th day of March, 1927, the appellant was arrested by the chief of police of the city of McComb, Miss., on a warrant issued by a justice of the peace of Tangipahoa parish, La., directed to the sheriff of Tangipahoa parish, charging the appellant with selling liquor. On the same day, the chief of police made an affidavit before a justice of the peace of district No. 4 of Pike county, charging appellant with unlawfully carrying concealed weapons, and on the following day a warrant for the arrest of appellant on this charge was issued and executed. On the 18th day of March, 1927, the chief of police also made an affidavit against appellant before the police justice of the city of McComb, charging him with carrying concealed weapons in violation of an ordinance of said city, and the police justice testified that a warrant was issued on this affidavit, but no copy of such warrant appears in the record. On the 23d day of March, 1927, the sheriff of Tangipahoa parish, La., made and filed before a justice of the peace of district No. 2 of Pike county an affidavit charging the appellant with being a fugitive from justice, and upon this affidavit a warrant was issued and executed on the same day.

On March 23, 1927, the appellant filed this petition for *habeas corpus,* alleging the facts hereinbefore stated and also that the arrest of petitioner on the warrant issued

by a justice of the peace of the state of Louisiana was illegal. It was further alleged that the information on which was based the affidavit charging the petitioner with carrying concealed weapons was obtained by an illegal and unlawful search of the person of the petitioner; that the justice of the peace of district No. 4 of Pike county and the police justice of the city of McComb, before whom the affidavits charging the petitioner with carrying concealed weapons were pending, were disqualified to preside in the trial of said causes, for the reason that each of them had a direct pecuniary interest in the result of the trial; and that the petitioner was illegally imprisoned and restrained from his liberty; and prayed that he be discharged from custody. This petition was amended by alleging further that petitioner was illegally restrained of his liberty under the warrant issued by the justice of the peace of district No. 2 of Pike county on an affidavit charging the petitioner with being a fugitive from justice, for the reason that the warrant is void because it was not made returnable before the justice of the peace for investigation.

The defendants answered the petition, and, admitted the arrest and confinement of appellant as alleged in the petition, but contended that he was legally in custody under valid criminal charges; and, on the hearing of the cause, the various affidavits, warrants, and returns thereon were introduced in evidence. There was also offered in evidence a certified copy of an indictment returned by the grand jury of Tangipahoa parish, La., charging the appellant with unlawfully and feloniously resisting and opposing an officer who was serving a warrant for the arrest of a party charged with crime. There was also offered in evidence a warrant for the arrest of the appellant, issued by the Governor of this state on a requisition from the Governor of Louisiana, but it appears that this warrant was not executed, and therefore it is of no consequence in disposing of the questions presented by this appeal.

For the purposes of the decision, it may be conceded that the arrest of the appellant on the warrant issued by a justice of the peace of Tangipahoa parish, La., and directed to the sheriff of that parish, was illegal, but this fact in no wise affects the validity of the charges of unlawfully carrying concealed weapons pending before the justice of the peace and before the police justice of the city of McComb. Counsel have cited many decisions of this court holding that evidence secured by an unlawful search or seizure is inadmissible against an accused, but this can have no bearing upon the validity of the charges upon which the appellant is held and awaits trial. The testimony secured as a result of the unlawful arrest and search may, or may not, be offered at the trial of the accused on these charges, and the admissibility of such evidence cannot be determined in this proceeding. The guilt or innocence of the petitioner cannot be determined in this proceeding. That question is for the determination of the justice of the peace and the police justice before whom the writs upon which the relator was arrested are returnable.

Appellant further contends that the justice of the peace had no authority under the law to try relator on a charge of carrying a concealed weapon, for the reason that he receives, as pay for his services, fees in cases in which there is a conviction, and consequently, he had a direct pecuniary interest in the result of the trial. In the case of *Hays, Sheriff,* v. *Barnes* (No. 26621, Miss.), — Miss. —, 114 So. 395, decided on November 7, 1927, it was held that the disqualification of a justice of the peace on account of pecuniary interest in the result of a prosecution of crime cannot be collaterally attacked in *habeas corpus* proceeding.

Appellant next contends that the warrant issued by D. M. Huff, justice of the peace, charging him with being a fugitive from justice was invalid, for the reason that it was not made returnable before the said Huff for investigation or to be tried by him. Section 1542, Code

of 1906 (Hemingway's Code 1927, section 1369), provides that:

"A justice of the peace or other conservator of the peace, upon complaint on oath made before him, or on other satisfactory evidence, that any person within this state has committed treason, felony, or other crime in some other state or territory, and has fled from justice, may issue a warrant for the arrest of such person as if the offense had been committed in this state."

Section 1543, Code of 1906 (section 1370, Hemingway's Code 1927), provides:

"If it shall appear to the justice of the peace, or other officer before whom such person shall be brought, that there is reasonable cause to believe that the complaint is true, he shall, if the prisoner would be entitled to bail if the offense had been committed in this state, require him to furnish bail to appear before the circuit court of the county at its next term, and from day to day and term to term until discharged by law. . . ."

The affidavit which was made before justice of the peace, D. M. Huff, charged that the appellant was "a fugitive from justice, from the parish of Tangipahoa, state of Louisiana, an indictment having been returned by a grand jury of said parish and state, on January 18, 1927, charging the defendant with resisting an officer, the crime being a felony in said state, as shown by Acts 1865 of Revised Statute of said state." This affidavit was in due and proper form, and the warrant issued upon this complaint commanded that the appellant be forthwith arrested and brought before the justice of the peace to answer such charge. This, in effect, made the warrant returnable before the justice of the peace *instanter,* and no other or later return day was required to be named therein.

The final contention of counsel for the appellant seems to be that the chancellor erred in failing to direct the discharge of the appellant on bail, the amount of which should have been fixed by him. The statute regulating

arrests for misdemeanors contemplates that the alleged offender shall be taken immediately, or without unnecessary delay, before the proper officer for examination of his case; and the justice of the peace and the police justice before whom the warrants for the arrest of the appellant were made returnable had full authority to fix the amount of bail to be required of him, and to take his recognizance or bond. This record shows that the appellant appeared with his counsel before the police justice for trial on the charge of carrying concealed weapons, and the trial was begun, but was continued for some reason, the record indicating that it was at the request of counsel for the appellant. The record does not show, and it is not contended, that appellant was denied a trial on either of the affidavits pending against him. Nor does it show that he ever applied for or was denied bail on any of these charges. The affidavits charging the appellant with the commission of several offenses in Pike county were valid and sufficiently charged the commission of crimes within the jurisdiction of the officers issuing the same, and the record does not show that the appellant has been denied bail on any of these charges, or the right to a speedy trial or examination thereon, or that he has been denied any right guaranteed by the Constitution and laws of the state. Consequently, it cannot be said that the relator was illegally confined or restrained of his liberty, and, this being true, the chancellor was correct in refusing to grant the writ of *habeas corpus.*

*Affirmed.*