RANDOLPH *et al.* v. STATE.*

(Division B. Oct. 8, 1928.

[118 So. 354. No. 27386.]

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, section 1513, p. 735, n. 34; section 2291, p. 930, n. 93; 17CJ, section 3665, p. 324, n. 68; section 3667, p. 326, n. 80; Witnesses, 40Cyc, p. 2207, n. 1; On admissibility of evidence obtained the aid of an involuntary confession, see annotation in 53 L. R. A. 402; 8 R. C. L. 196; 4 R. C. L. Supp. 533; 6 R. C. L. Supp. 492.

*Boggan & Leake*, for appellants.

*Rufus Creekmore,* Assistant Attorney-General, for the state. ᐧ

Argued orally by *J. W. P. Boggan,* for appellants, and *Rufus Creekmore,* Assistant Attorney-General, for the state.

PACK, J. The three appellants, Gayle Randolph, Buster Brown, and Duck Peters, were jointly indicted, tried, and convicted of the crimes of burglary and larceny.

They were sentenced to a term of five years in the penitentiary. The grocery store of Baker, Coleman & Co., in Tupelo, was burglarized on Saturday night, after the closing hour, during the month of March, 1927, and about two hundred dollars in money, bonds, and other securities were stolen from the store.

The principal testimony for the state was that of Roy Johnson, and a confession of Duck Peters, one of the appellants. Roy Johnson testified that on the morning following the burglary the three defendants came to his house; that Gayle Randolph had concealed under his jumper a small box, containing the bonds and other securities; that the defendants told him they had broken open the store in question, and gotten the valuables therefrom; that Randolph hid the box in a closet on the premises; that on the next night Duck Peters told him (Johnson) that they had also gotten some money from the store, but that the same had been lost in gambling. Randolph went with the officers to where the box was concealed, and recovered it for them, the contents of which were identified as the property in question.

All three of the defendants were arrested and placed in jail. Duck Peters was first placed in the cell with the other appellants, and then in a cell with Roy Johnson. J. E. Carr, the city marshal, went to the jail, took Peters out of the cell and into a private place, where the marshal testifies that Peters made a confession, admitting his own guilt, and implicating the other defendants. At first it appeared that this confession was made in the presence of the other defendants, but later in the trial it developed that it was without their hearing. Whereupon the court excluded the confession as to all defendants, except Peters himself.

Carr, the marshal, admitted slapping Peters, but said it was after the confession was made, and that it was provoked by a saucy answer to one of the official's questions. Shortly after Peters made the confession to Carr,

Mr. Coleman visited the jail, and, as a witness for the state, testified that Peters made the same confession to him.

There was no preliminary inquiry had before the court, in the absence of the jury, to ascertain the competency of this confession, and none asked for by appellants. Peters testified that the confession was made after threats of the marshal, and after the marshal had slapped him. The appellants deny that they had anything to do with the crime, deny going to Johnson's home, and offer several witnesses in support of an alibi.

Appellants complain that the court erred in permitting Coleman to testify regarding the confession made by Peters. This contention is based upon the after-developed fact in the trial that the confession made to Coleman was after the city marshal had slapped Peters. Counsel invoke the rule that, where a confession is made under influences condemned by the law, a subsequent confession will not be admissible until there has been a removal of such influences. In support of this rule appellants cite *Whitley* v. *State,* 78 Miss. 255, 28 So. 852, 53 L. R. A. 402; *Reason* v. *State,* 94 Miss. 290, 48 So. 820; *Mackmasters* v. *State,* 82 Miss. 459, 34 So. 156; *Fisher* v. *State,* 145 Miss. 116, 110 So. 361.

As stated, no objection was made to this testimony when offered, but during the further progress of the trial the court, of its own motion, excluded this testimony, when it appeared that the confession was made to Coleman after the marshal had slapped Peters. When this testimony was excluded, and the jury instructed not to consider it, there was nothing else the court could do; and, while the rule cited by appellants is sound, the action of the court afforded appellants relief from any harm growing out of Coleman's testimony, and the action of the court seems to have been out of an abundance of caution.

It is next argued that the testimony of Carr, the city marshal, was not admissible. Carr testified that Peters had sent for him to come to the jail, as he wanted to make a statement. Upon the introduction of this testimony, appellants made no request for a preliminary inquiry by the court to ascertain if the confession was made under improper influences. When Peters took the stand, he denied that the confession was true, and stated that it was made under the influence of fear that he would be whipped or killed. Whereupon the court, of its own motion, passed upon the question of whether or not the proof showed it to be voluntary, and held, upon this conflicting evidence, that the confession was competent as to Peters, but excluded it as to the other defendants.

When the state offered to prove this confession, appellants should have followed the rule laid down in *Ellis* v. *State,* 65 Miss. 44, 3 So. 188, 7 Am. St. Rep. 634, and reaffirmed in *Lee* v. *State,* 137 Miss. 329, 102 So. 296. This court there held:

"Before a confession is received in evidence against a defendant in a criminal trial, it should be shown that it was voluntary; that is to say, made without the influence of hope or fear being exerted on the accused by any other person. Whether it was so made or not is a preliminary matter for the court, and not for the jury, to determine. The jury have nothing to do with the competency of evidence; that is a question exclusively for the determination of the court. The court should decide in the first place, after investigation, whether a proposed confession shall be heard by the jury or not, and if it is deemed competent by the court, and is permitted to go to the jury, they are the exclusive judges of its weight and value as evidence. When it is proposed to introduce in evidence a confession of the accused against himself, the court should, upon a preliminary investigation conducted out of the presence and hearing of the jury, if requested by the defendant, determine whether it is com-

petent or not. If satisfied, after · hearing all the testimony pertinent to the inquiry, that the confession is admissible, it should go to the jury, but unless it plainly appears that it was free and voluntary—if there is a reasonable doubt against its being free or voluntary—it should be excluded from the jury. *Simmons* v. *State,* 61 Miss. 243.''

We find no error in admitting the testimony of the state's witness, Roy Johnson. It is shown that he had formerly been convicted of a felony, and served a sentence in the penitentiary, and that he had been whipped by some officer about another matter. This did not render his testimony incompetent, but could affect only its credibility before the jury, who are the sole and only judges of the weight of the evidence. *Alexander* v. *State,* 145 Miss. 675, 110 So. 367; *Stallings* v. *State* (Miss.), 107 So. 890, not officially reported; *Osborne* v. *State,* 99 Miss. 410, 55 So. 52; *Miller* v. *State* (Miss.), 35 So. 690.

Finding no reversible error in the record, the cause will be affirmed.

*Affirmed.*