ROBBINS *v.* WALDROP, SHERIFF.

(Division B.  March 14, 1932.)

[140 So. 230.  No. 29887.]

**B. J. Goss**, of Columbia, for appellant.

T. B. Davis, of Columbia, for appellee.

Anderson, J., delivered the opinion of the court.

Appellant filed his petition before the chancellor of

the chancery court district, in which Marion county is situated, against appellee, sheriff of that county, in whose custody he was being detained under a judgment of contempt of the chancery court of said county, for a writ of habeas corpus, by which he sought to be released from the contempt imprisonment. A demurrer to the petition by appellee was sustained, and the petition dismissed. From that judgment the appellant prosecutes this appeal.

Appellant's wife, Mrs. C. A. Robbins, filed her bill in the chancery court of Marion county against appellant, charging that he had been guilty of habitual cruel and inhuman treatment of her, and also the failure to support her, and prayed for temporary alimony and alimony for separate maintenance. Appellant answered the bill, making his answer a cross-bill, in which he prayed for a divorce. A decree was entered by the court awarding appellant's wife temporary alimony in the sum of twelve dollars and fifty cents per month, and an attorney's fee of fifty dollars with which to compensate her counsel in the case for his services in her behalf. Appellant refused to obey this order of the court. At a subsequent term of the court, appellant's wife filed a motion setting up the fact that appellant had disobeyed the order of the court, and praying that he be cited to appear and show cause why he should not be adjudged in contempt of the court for so doing. Citation was duly issued and served upon the appellant. At the return term, appellant failed to appear, and the motion was heard in his absence on evidence, and a decree rendered adjudging appellant in contempt of court for his willful neglect and refusal to pay the temporary alimony, and directing his imprisonment in the county jail until he should purge himself of the contempt by paying the amount then due, one hundred seventy-five dollars. The chancery clerk of the county thereupon issued his warrant for the arrest and imprisonment of the appellant until he should purge him-

self of the contempt. After the lapse of some time, the appellant was arrested and imprisoned.

Soon after his arrest and imprisonment, appellant attempted to take an appeal to the supreme court from the order of imprisonment for contempt. The record in the cause was filed in the supreme court, but was dismissed because appellant failed to prosecute his appeal. Appellant then filed the petition in this cause before the chancellor, seeking his liberation from imprisonment on a writ of habeas corpus, setting up, in substance, that he was not guilty of contempt of the court in not paying the alimony, because he had no means whatever with which to pay it; that he had neither property nor money nor means of earning money with which to pay the alimony. As stated, appellee demurred to the petition, which demurrer was sustained by the court, and the petition dismissed.

It is at once apparent that this is a collateral attack by a habeas corpus proceeding of the judgment of contempt rendered by the chancery court. Such an attack cannot extend beyond an inquiry into the jurisdiction of the court rendering the judgment of commitment for contempt. A judge cannot upon a writ of habeas corpus discharge a prisoner committed for contempt of another court. The question whether the alleged offender really committed the act charged will be conclusively determined by the judgment of the court rendered in the contempt proceeding, and cannot be inquired into on a writ of habeas corpus. Shattuck v. State, 51 Miss. 50, 24 Am. Rep. 624; Ex parte Adams, 25 Miss 883, 59 Am. Dec. 234; State v. Morgan, 114 Miss. 634, 75 So. 441; 12 R. C. L., p. 1244, sec. 63.

Appellant had a complete remedy by appeal to the supreme court from the judgment of contempt.

Affirmed.