BOUDREAUX *v.* STATE.

(Division A.   June 8, 1936.)

[168 So. 621.   No. 32203.]

M. D. Brown, of Gulfport, for appellant.

**Webb M. Mize**, Assistant Attorney-General, for the state.

**Smith, C, J.,** delivered the opinion of the court.

This is an appeal from a conviction for the forcible rape of a girl eleven years old. At the request of counsel for the appellant, the court inquired into the present sanity of the appellant, and on the evidence properly held that he was then sane.

The principal assignment of error is that the court below erred in admitting three confessions of the appellant, the grounds of the objection being (a) the corpus delicti was not sufficiently proven aliunde the confessions, and (b) the confessions were coerced.

The evidence as to the corpus delicti is amply sufficient, under prior decisions of this court, to justify the admission of the confessions, but the evidence discloses that they were coerced, and for that reason should have been excluded; proper and seasonable objections having been made several times thereto. The crime was committed in Gulfport, Miss., between midnight and day. The girl did not know who her assailant was, but, suspicion being directed toward the appellant, he was arrested the next night at his lodgings in Gulfport by two police officers. Feeling then was running high against the appellant; a number of people were looking for him and

a mob was evidently forming: These police officers, in order to avoid contact with others who were looking for the appellant, carried him to a vacant lot and there vigorously questioned him for about an hour or an hour and a half, resulting in his confessing to them that he committed the crime. It is clear, however, when the testimony of all of these officers, three in number, is examined, that what occurred was that the officers informed the appellant of his danger from a mob, and that if he confessed the crime, they would take him to Jackson to a place of safety, but that, if he did not, they would have to take him to the girl assailed and her family for identification, in which event they might not be able to protect him from a mob. This is not the exact language of the officers, but is the unmistakable inference therefrom. After asking them to take him to Jackson for safety, the appellant made his confession. He was then hurried to Jackson and placed in jail there. The next morning, at the request of one of the officers who accompanied him to Jackson, the county attorney for Hinds county came to the jail and the appellant repeated the confession in his presence, during which he was told that, if he would plead guilty, he would not be hung. Several days thereafter the appellant was carried back to Gulfport and again confessed the crime in the presence of the county attorney for Harrison county.

It is clear from this evidence that the first of these confessions was made by the appellant in order to obtain protection from threatened mob violence, and it does not appear that, when he made the two subsequent confessions, he had been relieved from that fear and that they were not made because thereof. On the contrary, it is reasonably clear that the same inducement still motivated him, and this court, in a long line of cases, e. g., Whitley v. State, 78 Miss. 255, 28 So. 852, 53 L. R. A. 402; Mackmasters v. State, 82 Miss. 459, 34 So. 156; Reason v. State, 94 Miss. 290, 48 So. 820; Whip v. State, 143 Miss.

757, 109 So. 697, has held that, where a subsequent confession is made shortly after one that was coerced, the inference of the coercion is presumed to continue unless and until it is clearly shown to have been removed.

Reversed and remanded.