BOUDREAUX *v*. STATE.

(Division A.   Nov. 2, 1936.)

[170 So. 281.   No. 32395.]

M. D. Brown, of Gulfport, for appellant.

**Wm. H. Maynard,** Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

The appellant, Boudreaux, presented to the Honorable W. A. White, circuit judge of this state, a petititon for the issuance of a writ of habeas corpus, seeking a discharge from the custody of the sheriff of Harrison county. In substance, he alleged that he was indicted, tried, and convicted, at the January, 1936, term of that court for the crime of rape committed on a female child under twelve years of age, and sentenced to serve a life

term in the penitentiary. He prosecuted an appeal to the Supreme Court of this state, where, on June 12, 1936, the cause was reversed and remanded. 168 So. 621. He alleged that the appellate court reversed the case because the court below had erred in admitting certain confessions, and without these confessions there would be no charge against him.

The writ was issued; the sheriff filed his answer, and, as an exhibit thereto, the mandate of this court, together with its opinion in the case.

The appellant did not seek to be enlarged upon bail pending the hearing of the cause in the circuit court of Harrison county.

On the hearing, the court had before it the evidence of the confessions offered on the first trial by the state, which also offered the entire transcript of the record in this court, which record disclosed that this court reversed and remanded the case to the circuit court of Harrison county from which it was appealed, and that there was an indictment against Boudreaux charging him with a capital offense, and that he was being held pending the disposition of the case by that court.

On June 24th, subsequent to the issuance of this mandate on June 12th, this petition for a writ of habeas corpus was filed. The term of court after the case was reversed by this court was due to be held on the first Monday of July, 1936. The habeas corpus court remanded Boudreaux to the custody of the sheriff and declined to release him.

The argument of the appellant seems to be that he is entitled to be discharged upon the habeas corpus without having to run the risk of another trial in the circuit of Harrison county, because this court has held that certain confessions offered against him on his first trial were incompetent, on account of coercion. The only authorities cited by him for this position are not in point. For example, he cites 29 C. J., p. 64, subdivision E, col-

umn 2. The authorities there cited, and the statement of that text, are based upon habeas corpus hearings had before the finding of indictments by grand juries.

When this case was reversed and remanded to the lower court, its jurisdiction was lodged in the circuit court of Harrison county. No other court could prejudge or predetermine for that court the guilt or innocence of the defendant, and that court is invested, by the Constitution and laws of this state, with all power necessary to properly dispose of the case. After the indictment of one accused of crime, on a trial on the merits of a case, all power is lodged in the court to which the grand jury has returned the indictment, and we know of no method for any other court to inquire into, or determine, what evidence will be offered upon another trial of the case in the court having jurisdiction.

There is no showing here of any undue delay or the denial of any right to a speedy trial, or any other right guaranteed to him by the Constitution and laws of this state.

An indictment having been returned by a grand jury in the case at bar, and the case now pending in the court of original jurisdiction by the judgment of the Supreme Court of the state, there is no power in a habeas corpus court to discharge the appellant simply because he conceives that the evidence on a subsequent trial will be insufficient or incompetent. Street v. State, 43 Miss. 1; State v. Morgan, 114 Miss. 634, 75 So. 441; Ex parte Oliver, 127 Miss. 208, 89 So. 915; Wall v. Quin, 148 Miss. 335, 114 So. 744; Ex parte Collier (Miss.), 12 So. 597, and Ex parte Jackson (Miss.), 63 So. 571. Neither can a habeas corpus court set aside the judgment of the appellate court remanding the case to the circuit court for another trial. In effect, the Supreme Court had determined that the relator was not entitled to be discharged.

The appellant, not being entitled to be discharged on a writ of habeas corpus, was properly held to await the action of the court having jurisdiction of his case. Affirmed.