NELSON STEGAR, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

An indictment for robbery which does not charge that the money, or other property, was taken from the *person* of another, by the defendant, is fatally defective, and it was error in the Court to refuse to arrest the judgment rendered upon it.

Practice. Criminal law. Arrest of judgment. Bill of exceptions. Before Judge GREEN. Spalding Superior Court. August Term, 1869.

Stegar was indicted for robbery as follows : " For that the said Nelson Stegar, on the fifth day of August, in the year eighteen hundred and sixty-nine, in the county aforesaid, did, then and there, unlawfully and with force and arms, in and upon one Miss Virginia Motley, in the peace of God and said State then and there being, wrongfully, fraudulently and violently did make an assault and her, the said Virginia Motley, in bodily fear and danger of her life, then and there feloniously did put, and then and there two dollars and fifty cents in fractional currency and National currency of the United States, of the value of two dollars and fifty cents, of the goods and chattels of one Mrs. Ann Motley, from the said Virginia Motley, by intimidation, wrongfully, fraudulently and violently, and without the consent of the said Virginia Motley, take and carry away with intent, then and there to steal the same contrary," etc.

He plead not guilty. The jury was empannelled and sworn, the bill of indictment was read to them, the witnesses were sworn, and a witness was put upon the stand for examination. Stegar's counsel then objected to the introduction of any evidence and moved for a verdict of acquittal because it was not charged that the money was taken without the consent of Mrs. Motley. The Court overruled the objection and the motion. Mrs. Motley was then put upon the stand and was asked whether she consented to the taking of said money, or gave Virginia Motley authority to give it up. This was objected to for the reason that it was not averred

that the money was taken without Mrs. Motley's consent. The objection was overruled.

The evidence was conclusive that some negro did forcibly enter the house of Mrs. Motley, that she ran out and that the negro forced Virginia Motley to give him the money. The only difficulty was in showing that Stegar was the person. Mrs. Motley and Virginia Motley thought he was, and gave their reasons therefor. In reply, the defendant, by several witnesses, showed Stegar had a good character, was a praying man, and by comparison of dates and distances sought to establish an *alibi*. Other incidental matters in the evidence were presented by the State as evidence of identity. The jury found him guilty. A new trial was moved for upon the grounds, that the Court erred in overruling said objections and motion, and because the verdict was strongly and decidedly against the weight of the evidence.

,(Another reason was for newly discovered evidence; but upon objection being made that the affidavits in support of that ground were not in the bill of exceptions, the Court refused to hear that point discussed.) The Court below refused a new trial. Stegar's counsel then moved to arrest the judgment upon the grounds: 1st. Because the indictment did not charge that the money was taken without the consent of Mrs. Motley, its owner. 2d. Because no evidence should have been admitted under the indictment when the objection was made, and Stegar should have had a verdict when it was asked for. The Court refused to arrest the judgment and sentenced Stegar to the penitentiary for four years. Each and every of said rulings is assigned as error.

When the cause was called here, counsel for the State moved to dismiss it, because not only was the evidence not embodied in the bill of exceptions but there was no recital in the bill of exceptions that there was any brief of the evidence or other allusion to the evidence. But the Clerk had sent up with the record a copy of what purported to be a brief of the evidence in the case. This Court overruled the motion upon the ground that, in felonies, the evidence taken down by the Judge, according to the statute, is a part of the record.

T. W. THURMOND, PEEPLES & STEWART, for plaintiff in error.

L. B. ANDERSON, Solicitor General, by A. W. HAMMOND & SON, for the State.

BROWN, C. J.

Robbery is the wrongful, fraudulent, and violent taking of money, goods or chattels *from the person* of another by force or intimidation, without the consent of the owner. Code, section 4323. A motion in arrest of judgment was made and overruled by the Court below in this case, on the ground that the indictment alleges that the money taken was the property of Mrs. Ann Motley, and was taken from her daughter, Miss Virginia Motley, without the consent of the said Virginia, and that there is no allegation that it was done without the consent of Mrs. Ann Motley, who is charged to be the owner. This might have been a good objection to the bill of indictment on special demurrer, but we are not prepared to say it is good in arrest of judgment. If Miss Virginia Motley was in the actual possession of the money, she had such qualified ownership in it as was necessary to constitute the offense of robbery in any person who wrongfully, fraudulently and violently took it from her person, by force or intimidation, without *her consent*. The possession, if legal, constituted the necessary ownership, though there may be a question whether the ownership in her is sufficiently alleged. But we think this judgment should have been arrested upon another ground. It is not alleged that the money was taken *from the person* of Miss Virginia Motley. The allegation is, that it was taken from her, not from her person. This allegation may be strictly true, and there may have been no robbery. Anything taken from the possession of a person may with propriety be said to be taken from him or her. I have a title to my house and am in the legal possession of it; a thief enters my house in my absence, and takes and carries away my money; he is guilty of burglary or larceny, but not of robbery, because I was not present, and the money

was not taken from my person. But in usual and correct language, he is said to have taken my money from me, that is, he took it from my possession.

We hold, therefore, that it is necessary in an indictment for robbery, to allege that the money or property was taken *from the person* of another. As this bill of·indictment contains no such allegation, it is fatally defective and the judgment must be arrested.

Judgment reversed.