MOSE ELLIS *v.* THE STATE.

1. CONFESSION. *Admission of. Province of court. Garrard* v. *Stete*, 50 *Miss.* 147, *overruled.*

    To render the confession of a defendant in a criminal case admissible as evidence the court must, if requested by him, determine outside of the hearing of the jury whether such confession was made voluntarily; and it is within the exclusive province of the court to determine this, and not a question for the jury, even though the evidence on such point be conflicting. *Garrard* v. *The State*, 50 Miss. 147, overruled.

2. SAME. *When admissible, and when not.*

If the court be satisfied, after hearing all the testimony pertinent to the inquiry, that such confession is admissible in evidence, it should go to the jury; but if there is a reasonable doubt against it being free and voluntary, it should be excluded from the jury.

3. SAME. *Evidence relating to. Exclusion of confession.*

After a confession has been admitted in evidence by the court, either party has the right to produce the same evidence as was submitted to the court on the inquiry as to the competency of the confession, and any additional evidence relevant to the confession or affecting its weight or credibility; and if it should appear then, or at any other stage of the proceedings, that the confession was made in such circumstances as to render it incompetent as evidence, it should be excluded by the court.

4. SAME. *How to be considered by jury.*

If a confession is admitted as evidence, the jury may deal with it as other testimony, attaching to it whatever credence or weight may seem proper to them under the circumstances. But they cannot reject it entirely, because it may seem to them not to have been made voluntarily.

5. SAME. *Instructions in reference to. Case in judgment.*

It is not error to instruct the jury trying a criminal case, in reference to a confession of the accused, that if they "believe from the evidence that the confession of the defendant was brought about by fear and was not true, they will disregard it;" for if the jury believe the confession to be untrue, no matter from what cause, it should be disregarded.

APPEAL from the Circuit Court of Madison County.

HON. T. J. WHARTON, Judge.

Moses Ellis was indicted and tried for arson. On the trial the State introduced in evidence the confessions of the defendant. The defendant adduced evidence before the jury which tended to show that the confessions were given under the influence of threats and fear. After all the evidence was in, the defendant moved to exclude the confessions on the ground that they were extracted by the use of undue influence. The court refused to exclude them.

The bill of exceptions shows that in the argument " counsel for the defendant argued that the confessions of defendant were made by fear and threats; and in reply to this the district attorney, in his argument to the jury, stated that the court in deciding that the confessions were admissible, had necessarily decided that they were

freely and voluntarily made ; that the question whether the confessions were freely and voluntarily made or not, was not a question for the jury to consider, but a question for the court to determine ; that the court had decided them admissible, and therefore freely and voluntarily made, and that the jury could not consider that question, but that they were the judges of the weight and value of the testimony concerning the confessions, and might believe or disbelieve, as they thought the witnesses entitled to credit or otherwise. If they believed the testimony true with reference to the confessions, then they would give them just such weight in determining the defendant's guilt or innocence as they deemed them entitled to."

" The defendant's counsel objected to these statements of the district attorney, and appealed to the court to correct him. The court stated that it saw nothing improper in the statements of the district attorney and refused to interfere."

The defendant excepted.

The court refused an instruction asked by defendant as follows :

" 2. The jury may consider the admissions made by defendant, and will give them such weight as they may deem them entitled to under all the circumstances of the case, and if the jury believe from the evidence that the confessions of defendant were brought about by fear and were not true, they will disregard them."

The defendant was convicted, and appealed from the judgment against him.

*F. B. Pratt,* for the appellant.

The second instruction asked by defendant was refused by the court, which refusal virtually announced to the jury the startling proposition that they were bound to take the defendant's confessions as true, because they had been admitted in evidence, even though they, the jury, should believe they were absolutely false and untrue. This proposition has the merit of extreme novelty to say the least.

Says Campbell, C. J., in *Simmons* v. *State,* 61 Miss. 243: " It was material to the prisoner's defense that the jury should hear what he felt and thought as explanatory of his confessions. If his confessions were true, they authorized his conviction ; if false, and made for a purpose, if prompted by hope or fear, the jury should

have opportunity to learn it, so as to place a proper value upon them."

In *Garrard* v. *State*, 50 Miss. 147, Peyton, C. J., says: "The conflict of testimony in this case raises a question of fact, whether any inducements were held out to procure the confession, and *that question was very properly left to the jury.*" 　*　　*　　*　　*

Whether there was any inducement held out to the defendant was within the province of the jury to decide.

In the above case the court instructed the jury that confessions made by the prisoner under influence of fear or hope of reward are not sufficient to convict unless there is other evidence sufficient to satisfy the mind of the jury, etc.

This instruction was approved by this court.

The rule is well stated in *Com.* v. *Knapp*, 10 Pick. 477.

*F. B. Pratt* also made an oral argument.

*T. M. Miller*, Attorney-General, for the State, argued the case orally, confessing error as to the action of the court below in refusing the second intsruction asked by the appellant, but controverting the other points urged for the appellan t.


Arnold, J., delivered the opinion of the court.

Before a confession is received in evidence against a defendant in a criminal trial, it should be shown that it was voluntary, that is to say, made without the inflitence of hope or fear being exerted on the accused by any other person. Whether it was so made or not, is a preliminary matter for the court and not for the jury to determine. The jury have nothing to do with the competency of evidence; that is a question exclusively for the determination of the court. The court should decide in the first place, after investigation, whether a proposed confession shall be heard by the jury or not, and if it is deemed competent by the court, and is permitted to go to the jury, they are the exclusive judges of its weight and value as evidence. When it is proposed to introduce in evidence, a confession of the accused against himself, the court should, upon a preliminary investigation, conducted out of the presence and hearing of the jury, if requested by the defendant, determine whether it is competent or

not. If satisfied after hearing all the testimony pertinent to the inquiry, that the confession is admissible, it should go to the jury, but unless it plainly appears that it was free and voluntary—if there is a reasonable doubt against its being free or voluntary—it should be excluded from the jury. *Simmons* v. *The State*, 61 Miss. 243.

After a confession has been admitted by the court, either party has a right to produce before the jury the same evidence which was submitted to the court when it was called upon to decide the question of competency, and all other facts and circumstances relevant to the confession, or affecting its weight or credit as evidence ; and if it should be made to appear at this point, or any other, during the progress of the trial, that the confession was made under such circumstances as to render it incompetent as evidence, it should be excluded by the court.

The jury cannot reject or disregard a confession which has been admitted by the court, merely because they may deem it incompetent, for the competency or incompetency of evidence is a legal question not within their province ; but on the other hand, they are not bound to believe or attach any weight or credit to a confession, on the ground alone, that the court has decided that it was admissible and might be heard by them. The jury has the same freedom of action in reference to confessions which they have in regard to other testimony. *Brister* v. *The State*, 26 Ala. 107 ; *Com.* v. *Knapp*, 10 Pick. 477.

The declaration made in *Garrard* v. *The State*, 50 Miss. 147, to the effect that whenever there is a conflict of testimony as to whether a confession was voluntary or not, it then becomes a question of fact to be determined by the jury, and the court is thereby relieved of the duty and responsibility of deciding as a preliminary matter whether it was voluntary or not, is erroneous, and the decision on that point is disapproved and overruled. 1 Greenleaf Ev., § 219 ; Whart. Cr. Ev., § 689 ; *Simmons* v. *The State*, 61 Miss. 243 ; 1 Phillips on Ev., 3–7, and 543.

The second instruction asked by appellant and refused, should have been given. It is true, that it suggests in one part that the

jury should disregard the confession if they believed it incompetent or "brought about by fear;" but this was coupled with the declaration that it was not to be so treated unless they also believed that it was untrue. Of course, if the confession was believed by the jury to be untrue, no matter from what cause, it should have been disregarded as evidence.

The instruction would have been more accurate if it had simply imformed the jury, that if they believed from the evidence that the confession was untrue they should disregard it, or if they believed from the evidence that it was made under the influence of hope or fear, they should take this into account in determining what weight or credit, if any, they would attach to it as evidence.

*Reversed and remanded.*

