(No. 14357.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD KNOX *et al.* Plaintiffs in Error.

*Opinion filed February 22, 1922—Rehearing denied April 15, 1922.*

1. CRIMINAL LAW—*when objection to empaneling of grand jury cannot be raised on review.* An objection that the record does not show the proper empaneling of the grand jury which returned the indictment cannot be made in the Supreme Court where no such objection was raised in the trial court on motion to quash the indictment or otherwise.

2. SAME—*confession must be voluntary to be admissible.* An alleged confession, whether oral or written, is not competent as evidence for any purpose if not voluntarily made, and whether or not a conversation is admissible as a confession depends upon whether or not the confession was obtained by duress or by promise of leniency.

3. SAME—*court need not of its own motion inquire into circumstances of alleged confession.* While it is the duty of a court to avoid the admission of incompetent evidence, it is not required, of its own motion, to inquire into the circumstances surrounding a conversation in which an alleged confession was made before admitting the conversation in evidence, but the duty rests upon counsel for the defendant to present to the court evidence showing the incompetency of such testimony.

4. SAME—*when defendant cannot complain of admission of alleged confession.* Where counsel for the defendant objects to the admission of testimony as to an alleged confession on the ground that it was obtained by duress but does not at that time offer to prove such duress, and after the evidence tending to prove the duress is introduced makes no motion to strike the testimony concerning the confession, the defendant cannot complain that the testimony was admitted without inquiring into the circumstances of the confession.

5. SAME—*when defendant cannot complain that evidence of another crime appears in the record.* The defendant cannot complain that evidence of another crime appears in the testimony as to an alleged confession where he makes no objection on that ground but only on the ground that the confession is not admissible because it was obtained by duress and where he made no motion to strike out the testimony in regard to another offense.

6. SAME—*gist of offense of robbery.* The gist of the offense of robbery is the force or intimidation used in taking from the person of another, against his will, property belonging to him or in his care.

7. SAME—*when failure to prove corporate ownership of property is not material.* Failure to prove the corporate ownership of property charged in a robbery indictment as being the property of the "Ward Baking Company, a corporation," is not material, where it is alleged in the indictment and proved on the trial that the property was in the care, custody and control of the person robbed, who was an employee of the alleged corporation.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. CHARLES M. McDONALD, Judge, presiding.

W. W. O'BRIEN, and JOHN PRYSTALSKI, (THOMAS E. SWANSON, of counsel,) for plaintiff in error J. Wheatley.

LEE D. MATHIAS, for plaintiff in error Edward Knox.

EDWARD J. BRUNDAGE, Attorney General, RORERT E. CROWE, State's Attorney, and GEORGE C. DIXON, (HENRY T. CHACE, JR., EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error and one Fox were charged in an indictment, in the criminal court of Cook county, with robbing Edward Dvorak of over $5000 in cash and a large amount in checks, the property of the Ward Baking Company, a corporation. The jury returned a verdict of guilty against plaintiffs in error and found that they were at the

time of the robbery armed with revolvers. Review of the judgment entered on the verdict is sought here.

Plaintiffs in error have filed separate briefs. Knox contends, first, that the record does not show the proper empaneling of the grand jury which returned the indictment. As he raised no such objection in the trial court, on motion to quash the indictment or otherwise, it is not available to him now. (*People* v. *Kroll,* 259 Ill. 592.) Knox also urges that the court erred in the conduct of the trial, in its rulings on the admissibility of evidence and by prejudicial remarks in the presence of the jury, while both plaintiffs in error urge the verdict of the jury is contrary to the evidence, and that there is in the record no proof of ownership of the property taken in the alleged robbery.

It is contended by plaintiff in error Knox that the court erred in admitting evidence of a conversation between him and a witness for the State, William Kennedy, a police officer, on the ground that the conversation was a confession and was obtained by a promise of leniency and through threats and duress. Counsel for Knox on the trial objected to evidence of the conversation on the ground of duress and contends it was error to admit the evidence; also that it was the duty of the court to retire the jury and inquire as to the use of duress. A confession of the commission of the crime charged is considered proof of a high order, for the reason that it is presumed that such confession would not have been voluntarily made if not true, but is not competent as evidence for any purpose if not voluntary. The admissibility of a conversation amounting to a confession depends upon whether or not the confession was obtained by duress or by promise of leniency to the extent that it was not voluntarily made. If so obtained, evidence of such statements is incompetent. (*People* v. *Vinci,* 295 Ill. 419; *People* v. *Buckminster,* 274 id. 435.) The record at the time this evidence was offered contained nothing to show that any disqualifying circumstances sur-

rounded the conversation referred to, but counsel for Knox contends that the court should of its own motion have inquired into such circumstances, out of the presence of the jury, before ruling on the admissibility of the evidence concerning the conversation.

While it is, and should be, the desire and duty of a court to avoid the admission of incompetent evidence, there is likewise a duty on the part of counsel to seek to present to the court evidence, if any he has, showing the incompetency of such testimony, and we are not inclined to hold that the duty rests first with the court to inquire into the circumstances surrounding such conversation before its admission in evidence, where there is nothing in the evidence to indicate promises of leniency or duress, though it might with propriety do so of its own motion. Counsel, if he desired such inquiry, should have requested it in advance of the court's ruling on the evidence offered. The court is not bound to make such inquiry where, as here, counsel merely objects on the ground that the statement concerning which the evidence was offered was obtained by duress. Objection of counsel that the statement was so obtained was not evidence of the fact. Counsel cannot refrain from making inquiry, and then claim error, where the record did not disclose such threats and promises. There was no ruling of the court as to its admissibility after the evidence concerning threats and promises was in. No motion was made to strike the evidence concerning the conversation. This question arose in *Zuckerman* v. *People,* 213 Ill. 114. It was there held that while the question whether the confession was admissible in evidence was a preliminary one for the court, and that for the purpose of determining that question it would have been proper for the court to hear evidence on both sides as to the circumstances under which it was made, yet the defendant had offered no evidence on the question, and there was nothing before the court at the time the objection to the evidence was made, to prove a threat or promise or other

improper influence or inducement tending to bring about the confession, and while the defendant afterward testified to such facts, there was no motion to exclude the evidence of the confession after such testimony was given. It was therefore held that the confession was properly submitted to the jury. To the same effect is *Bartley* v. *People,* 156 Ill. 234. See 12 Cyc. 482; 1 Greenleaf on Evidence, 219; 6 Am. & Eng. Ency. of Law, (2d ed.) 554.

It appears from the evidence that a written statement was signed by Knox but was not admitted in evidence. Knox denied that he made a statement to anyone previous to January 3, 1921, or any statement other than the written one. Kennedy testified that the statement made by Knox at that time was not reduced to writing, but that later on, in the presence of the superintendent of police, Fitzmorris, Lieut. Norton and himself, the same statement, in substance, was made, reduced to writing and signed by Knox. Knox, when called as a witness in his own behalf, admitted signing this statement, but testified that he did so because of promises of leniency and under threats; that they denied him treatment for a loathsome disease from which he was suffering unless he would confess; that the statement he signed was not true, but that the facts therein stated as to how the robbery occurred were told to him by a police officer named McCarthy. The signed statement was not admitted in evidence, but it is apparent from the statement of the witness Kennedy that the oral and written statements were in substance the same, and that the State had the benefit of the written confession from Kennedy's testimony concerning his conversation with Knox.

It is immaterial whether a confession be oral or written. Either, to be competent, must be freely and voluntarily made. If the written statement in this case was incompetent the oral one was likewise incompetent, for it was none the less a confession because oral. Knox denied having made an oral confession to Kennedy, and does not, of

course, testify that such statement was procured through duress. He does not testify that Kennedy made either promises or threats to him, but that on December 31 one Newmark, connected with the State's attorney's office, tried to make him confess by promises to go "fifty-fifty" with him if he confessed and by threats to put his name in headlines in the paper and disgrace his mother if he did not; that Kennedy was there but "had nothing to do with me;" that he talked with Kennedy about five o'clock in the evening of December 31 but did not tell him anything. John M. Norton, lieutenant of police, testified that Knox told him on January 3, 1921, that he and four other men went to the Ward Baking Company plant and held up and robbed the safe; that nothing was done at that time or at any other time, so far as he knew, to compel the statement given by Knox; that he was later taken over to the detective bureau, where this statement was again made and reduced to writing and signed by Knox. Norton's testimony concerning the statement preceding the trip to the detective bureau was objected to on the ground of duress, but no effort was made to make proof of such duress before the court ruled on the admissibility of the evidence offered. The only evidence of duress offered was the testimony of Knox, given during the hearing of evidence for the defense and already referred to. The court gave numerous instructions to the jury at the instance of Knox telling them that if they believed from the evidence that the confession testified to by witnesses for the State was procured by promise of leniency or by threats and duress such confession was to be entirely disregarded by them. The competency of testimony is a question for the court and not the jury, and that issue should first have been presented to the court out of the presence of the jury, but as there was no evidence tending to show influence affecting the confession when the evidence of it was offered, and as counsel for Knox made no motion to strike the evidence from the

record after his proof of such influence, he cannot complain of the ruling of the court admitting the testimony.

It is further urged that it was error to receive in evidence as a part of the conversation with Kennedy the alleged statement of Knox that the car in which he and the others went to the Ward Baking Company's plant was one which he and others had stolen the night before the date of the robbery. It is contended that this was incompetent as evidence of a separate and distinct crime and inadmissible. Counsel cites in support of this contention *People* v. *King*, 276 Ill. 138. In that case the State offered evidence of witnesses concerning separate crimes of the defendant. Such evidence was held incompetent as prejudicial and as not proving the issues of the case. The evidence complained of here was as to a part of a conversation testified to as between the witness and Knox, in which Knox appears, according to the witness, to have related the method by which the defendants procured the car used in escaping from the scene of the crime charged. There appears to have been no motion to strike this testimony or objection to it other than that going to the whole conversation, on the ground that it was of a confession obtained under duress. The court could not have known that such a statement, if incompetent, would appear in the testimony, and unless counsel sought to have it stricken from the record, or unless covered by his objection, he cannot complain that it appears in the record.

Plaintiff in error Knox also complains of prejudicial remarks made by the trial court, but this contention is without merit. The court exercised due care in the language of its rulings, and without reciting the statements complained of, it is sufficient to say that there was no error therein.

Both plaintiffs in error, Knox and Wheatley, contend that the evidence is not sufficient to sustain the verdict. Edward Dvorak, cashier of the Ward Baking Company, tes-

tified that about twenty minutes to nine on the evening of November 29, 1920, as he was closing the safe at the plant, two men appeared with revolvers and ordered him to put up his hands; that he was forced to open the safe and then lie on the floor, with his head under the desk, until after they had gone; that they took from the safe about $5000 in cash and a like sum in checks. He positively identified Wheatley as one of the men. He testified that the office was well lighted and that he could distinguish the face of Wheatley plainly; that he saw his face for three or four minutes; that he afterward identified Wheatley at the police station. Adrian D. Ford, night clerk for the baking company, testified that on the night of November 29 he was employed in the shipping room of the plant; that on going into the order room he was there confronted by men with revolvers, who ordered him and Charles Clapp, who was with him, to cover up their faces, afterward requiring Clapp to stand in a corner and the witness to lie on his face on the floor; that the witness remained on the floor until he heard the men depart. This witness positively identified Knox as the man who held the gun on him. The defense was alibi, Knox testifying that he was at home all of the evening of November 29. In this he is corroborated by his mother, Catherine Rintz, and his step-father, Martin Rintz. They all testify that the evening was spent in preparing an annual report for a lodge of which Mrs. Rintz was secretary. Wheatley testified that he spent the evening of November 29 at the home of his fiancée, Florence McCardle. In this he is corroborated by Miss McCardle and her mother, Louise McCardle.

The question of the guilt or innocence of the plaintiffs in error was one for the jury, and this court will not interpose its own opinion on that issue unless satisfied, from a consideration of all the evidence, that there is a reasonable doubt of the guilt of the accused. (*People* v. *Deluce,* 237 Ill. 541; *Schroeder* v. *People,* 196 id. 211.) We can

not say on an examination of the record that such doubt exists. Plaintiffs in error are positively identified by men who were put in fear of their lives by the use of deadly weapons, under circumstances enabling them to see clearly the faces of their assailants, and we are of the opinion that we would not be justified in disturbing the verdict of the jury on the matter of the proof of guilt.

Plaintiffs in error both contend that there was no proof of ownership of the property taken; that the record does not show that the money and checks were the property of the Ward Baking Company, a corporation; that there is no proof that said company is a corporation, and that these are essential averments which must be proven as laid. The People reply that in case of robbery the gist of the offense is the felonious taking from the person, and that proof of the ownership of the property taken need not be made beyond showing that it was not the property of the assailant. Robbery was a crime at common law, and is defined by Blackstone (book 4, chap. 17, p. 242,) as "the felonious and forcible taking from the person of another of goods or money of any value by violence or putting him in fear." Substantially this definition is found in the Criminal Code of this State.

The indictment avers that the Ward Baking Company is a corporation. It is contended that there is no proof of its corporate existence and that such proof is essential to the validity of this judgment. The gist of the offense of robbery is the force or intimidation used in taking from the person of another, against his will, property belonging to him or in his care. (*People* v. *Nolan,* 250 Ill. 351; *Schroeder* v. *People, supra; Burke* v. *People,* 148 Ill. 70; *People* v. *Hansen,* 263 id. 44; *Howard* v. *People,* 193 id. 615; 2 Wharton on Crim. Proc. sec. 1211.) In *Burke* v. *People, supra,* it was held that where it appears that one makes an assault on another and takes from his person his money, goods or other valuable thing by force or intimidation, rob-

bery is shown; that the gist of the offense is the force or intimidation and the taking from the person, against his will, a thing of value. It was there said: "In such case it is not material or necessary to accurately describe or prove the particular identity or value of the property taken from the person, further than to show it was the property of the person assaulted or in his care, and had a value." It was there held that a description and value such as would be necessary in a charge of larceny, though immaterial in a charge of robbery, might be rejected as surplusage on the robbery charge, and that a conviction of robbery might be had without a finding of value specifically. The rule is satisfied by a showing of qualified or special property in the person assaulted, in the thing taken in the robbery. The reason for this rule finds its basis in the common law and is recognized by numerous States in this country and by the courts of England. (*Stegar* v. *State,* 39 Ga. 583; *Commonwealth* v. *Clifford,* 8 Cush. 215; *People* v. *Shuler,* 28 Cal. 490; *United States* v. *Wood,* 3 Wash. C. C. 440; *State* v. *Chapman,* 6 Nev. 320; *Barnes* v. *State,* 9 Tex. App. 128; *State* v. *Hobgood,* 46 La. Ann. 855; *Spencer's case,* 2 East's P. C. 712; *King* v. *Taylor,* 1 Leach's C. L. 356.) One of the leading cases in this country on the point is that of *Brooks* v. *People,* 49 N. Y. 436, where it was held that as between the robber and the person robbed the latter was the owner of the property, though as between him and a third person he might not be. In 2 East's P. C. 725, Lord Mansfield states that the true nature and original definition of robbery were the felonious taking of property from the person of another by force, in which there were three things to be observed: First, that it must be done feloniously; second, that it must be from the person of another; and third, that it must be done by force. A review of the authorities of this and other jurisdictions discloses that there is nothing in the common law definition of the crime or that adopted by this court which narrows the definition

given by Lord Mansfield, and that a majority of the courts of this country hold, in a case where an indictment charges the property to have been in the possession and care of the person robbed, that the allegation of such possession, supported by proof, is sufficient to sustain a conviction for robbery though the one assailed does not own the property. The indictment in this case charges that the money and property taken by force from Edward Dvorak were "then and there in the care, custody and control of the said Edward Dvorak." This allegation is supported by the proof. The conviction in this case is therefore amply sustained by the record, and the failure of the record to show the corporate existence of the Ward Baking Company is of no consequence.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*