## DOBBS v. STATE.

(En Banc. June 13, 1932.)

[142 So. 500. No. 30031.]

· **J. H. O'Neal**, of Clarksdale, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the state.

Briefs of counsel not found.

**McGowen, J.**, delivered the opinion of the court.

From the evidence adduced by the state, the jury were warranted in finding that the appellant was guilty of an unprovoked murder.

The defendant's evidence suggested to the jury that he shot the deceased either by accident, in self-defense, or in anticipation of an attempt, on the part of the state's only eyewitness and the deceased, to rob him or harm him, his evidence being uncertain and contradictory.

The jury, as they had the power to do, rejected the version of the appellant and adopted that of the state's witness. It was simply a question for the jury as to the guilt of the appellant and as to his punishment.

There is some complaint, not specific, that the court admitted, over appellant's general objection, the confession of appellant to Scott and Frazier, officers of the law in whose custody he was at the time. He confessed that he shot the deceased, Jim Johnson, with a Luger pistol, and told them he had put the pistol in a paper bag and covered it with ashes in his fireplace. He was willing to go to his home and assist the officers in finding it. On

going there appellant did not find it, whereupon he asked his wife to produce the pistol, and she went to a trunk and exhibited a paper bag containing the pistol with ashes thereon. Scott, a deputy sheriff, first testified, and, when it was sought to elicit the statement, appellant's counsel objected, and the court overruled his objection. This occurred several times. There was no objection to the evidence of the witness, Frazier, on the same line and to the same effect.

The evidence of Scott and Frazier is to the effect that the confession was entirely free and voluntary. Appellant did not ask for a preliminary hearing without a jury.

The objection was general, and the court's attention was not directed to the question of whether or not the confession was free and voluntary; and, more than that, the appellant, as a witness in his own behalf, stated that the officers told the truth, and he made no suggestion that the statement to the officers was not freely and voluntarily made by him.

The case comes squarely within the rule reannounced by this court in Emanuel Jackson v. State, 140 So. 683, decided by us on April 4, 1932.

It is urged as error that the court below did not voluntarily instruct the jury that it might convict the appellant of manslaughter. Neither the state nor the appellant requested such an instruction. In this situation, the lower court could not be put in error. See Grady v. State, 144 Miss. 778, 110 So. 225.

We find no reversible error in the record, and the verdict of the jury inflicting the death penalty and the judgment of the circuit court thereon is affirmed, and Friday, July 22, 1932, is fixed as the date of execution of said appellant.

Affirmed.