THE STATE v. WILLLIE ROLAND, Appellant.—79 S. W. (2d) 1050.

Division Two, March 5, 1935.

*Roy. McKittrick*, Attorney General, and *William Barnes*, Assistant Attorney General, for respondent.

BOHLING, C.—Willie Roland was found guilty of the murder of E. C. Shane in the first degree, and his punishment was assessed at death. He appeals from the judgment thereon.

The evidence shows that Willie Roland, defendant, Willie Easley, Mitchell Connors, Clopton Ware and James Goodrich, all colored, planned to break into and rob a freight car of a certain Chicago, Rock Island & Pacific Railway Company freight train running out of St. Louis towards Kansas City on the night of April 16, 1934,

564

and to accomplish that purpose boarded a Rock Island train in or near St. Louis that evening about ten P. M. The defendant carried a small grip or handbag with him, in which he had the tools to be used in opening the car, and was armed with a revolver. After riding the train a distance, defendant broke the seal and opened the door on top of one of the freight cars, which was thereupon robbed by defendant and his companions. The robbery accomplished, defendant closed the door and replaced the seal. The train reached Bland, Gasconade County, Missouri, after midnight, and the train crew was engaged in a switching movement. At that time Detective J. W. Whitted was seen by defendant and his companions approaching over the top of the freight cars about two cars back. Accompanying him, but on the ground, was Detective E. C. Shane. Detective Whitted examined the seal of the car that had been robbed, and in reply to inquiry from Detective Shane stated he found the seal all right. Defendant was seated on the walk of the car close to the door which had been opened, Goodrich was seated near defendant about a foot and a half away, and Easley was near Goodrich. Detective Whitted, approaching defendant, made some remark to the men about getting out of the way and then asked, "What is that you have in that bag?" Defendant made no reply. Detective Whitted then bent over as if he intended picking up the bag when defendant shot twice, "right quick." Detective Whitted gradually sank to the top of the car. Defendant's confession states the officer had a flashlight in one hand and a gun in the other, and that, at the time he shot, he thought the officer was fixing to hit him with the gun. However, eyewitnesses testified Detective Whitted only had a flashlight in his hands and never pulled his gun. Defendant jumped up and started to get off the car, going down in the space between the cars. At this time Detective Shane was opposite this opening and within a few feet of defendant, and defendant fired one or more shots at Detective Shane. Detective Shane staggered towards a ditch (or embankment), and was dead when found the next morning. His body was about twenty-five feet from the railroad track and down the embankment, and his flashlight was burning. Defendant's confession states that when he saw Detective Shane, the officer was pointing his gun at defendant; that defendant became confused; that he did not remember whether he or the officer fired first: that he fired one shot from the ladder of the car, and when the officer was going down the bank, he fired again. Detective Whitted was also killed. In addition to the testimony of the eyewitnesses Goodrich and Easley, and the confession of the defendant Roland, a ballistic expert identified the bullet taken from the body of Detective Shane as having been fired from the gun admittedly handled by defendant Roland.

The defendant offered no evidence.

■ Appellant's motion for new trial assigns error in the admission of defendant's confession without first having heard testimony to support the objection that the confession was obtained under conditions and circumstances rendering it involuntary. The bill of exceptions shows, upon the offer of defendant's confession in evidence, that defendant objected to its introduction "on the ground it was procured under circumstances which make it an involuntary statement." The court overruled the objection. Defendant's written confession, although differing from the testimony of eyewitnesses in some details not material to this review, states he shot the two detectives.

As assignments in motions for new trial do not prove themselves [State v. Stogsdill, 324 Mo. 105, 119, 23 S. W. (2d) 22, 26(5); State v. Carroll, 333 Mo. 558, 564(3), 62 S. W. (2d) 863, 864(4); State v. McVey (Mo.), 66 S. W. (2d) 857, 859(10); State v. Williams, 335 Mo. 234, 71 S. W. (2d) 732, 735(9)], it is not to be presumed that any request was made of the court to hear testimony, or any offer was made to prove that the confession was obtained under conditions and circumstances rendering it involuntary; and, as objections to offered evidence are not evidence of the facts stated in the objection [State v. Salisbury (Mo.), 43 S. W. (2d) 1021, 1024(3); State v. Levi, 126 Mo. 554, 562, 29 S. W. 703, 704; State v. Duncan, 116 Mo. 288, 308, 22 S. W. 699, 704(4)], it is not to be presumed, from the statement in the objection, that the confession was involuntary.

The bill of exceptions discloses no request by defendant to the court for any preliminary investigation to ascertain whether or not the confession was voluntary; nor does it show any offer on the part of the defendant to prove any facts tending to establish the confession was involuntary. Its admissibility was attacked only as set forth above. There is an entire absence of any evidence tending to show that the confession was not voluntary. It has long been the rule in this State that a confession (speaking of extrajudicial confessions) of an accused person is presumed to be voluntary until the contrary is shown. [State v. White, 330 Mo. 737, 745(3), 51 S. W. (2d) 109, 112 (5, 6), and cases there cited.] Present such a presumption and absent a request for a preliminary investigation or an offer to prove a confession involuntary, a trial court is not to be convicted of error in admitting in evidence a confession of guilt made by a defendant. Confessions are competent evidence, possessing considerable probative value; and are not in and of themselves inadmissible. While trial courts should avoid the admission in evidence of an inadmissible confession, a duty also exists on defendants (as in other analogous instances) to be fair with the court and timely present evidence (defendant should know the circumstances under which a confession was obtained) showing the incompetency of the

confession; or, at least, request of the court a preliminary investigation as to the admissibility of the confession in evidence. To be timely, such action should be taken before the court rules on the offered evidence; and defendants who refrain from making such request or an offer of such evidence should not thereafter be heard to successfully assert error based on the admission of the confession. Under the facts in the instant case, the court was privileged to admit the confession in evidence on the presumption that it was voluntary. In State v. Hayes (Mo.), 247 S. W. 165, 168(7), this court said: "When offered in evidence, appellant objected upon the ground that such confessions were not competent, until it was shown that they were voluntary. Appellant did not ask for a preliminary inquiry on the question of their voluntary or involuntary nature. The court properly proceeded upon the theory that such confessions were presumed to be voluntary." [See, also, State v. Long, 324 Mo. 205, 212 (VIII), 22 S. W. (2d) 809, 813(15); State v. McGuire, 327 Mo. 1176, 1185, 39 S. W. (2d) 523, 526; State v. Seward (Mo.), 247 S. W. 150, 153(4); People v. Knox, 302 Ill. 471, 473, 134 N. E. 923, 924(3).] Prior to the offer of the instant confession in evidence, there was oral testimony that defendant had informed the officers he had sold his revolver; that he drew a map to aid them in locating the place where he had disposed of it; that it was the gun he used in killing officers Shane and Whitted; and that, as stated by the witness, defendant was trying to help the officers locate the revolver. The oral testimony was that defendant read the confession before signing it, and it concludes: "I have read the above statement consisting of five (5) pages, before signing same, and this statement is true and correct to the best of my knowledge. I have made the above statement of my own free will, and accord, and after having been advised as to the nature of the charges against me, and of my right to interview an attorney before making this statement, and no threats, promises of reward or immunity have been made by anyone in order to obtain this statement, and I have been warned by those to whom this statement is being made that anything I say in this statement maybe used against me as evidence at my trial." We find no error in the admission of the confession in evidence under the facts in the instant case.

The only other assignment in the motion for new trial states "the court erred in admitting illegal and irrelevant testimony." This assignment is too general to preserve anything for appellate review. [State v. Vigus (Mo.), 66 S. W. (2d) 854, 856(2); State v. Maness (Mo.), 19 S. W. (2d) 628, 630(5).] However, an examination of the record discloses no prejudicial error in the admission of evidence on behalf of the State over the objections of defendant.

An examination of the record proper shows the filing of an information charging murder in the first degree sufficient in substance and in approved form; an arraignment, a plea of not guilty, the presence of the defendant, the impaneling and swearing of the jury, the trial upon the information, the return of the verdict into court, the verdict, the filing and overruling of the motion for new trial, the according of allocution, judgment and sentence in accord with the verdict, and the allowance of the appeal; all regular and sufficient.

The judgment is affirmed, and the punishment imposed by the jury and the sentence pronounced by the trial court upon the verdict ordered carried into effect. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

Execution set for Friday, April 12, 1935.