JOHNSON *v*. STATE.

(In Banc. April 10, 1944.)

[17 So. (2d) 446. No. 35467.]

Vance W. Good, of Vicksburg, for appellant.

**Greek L. Rice**, Attorney-General, by **R. O. Arrington**, Assistant Attorney-General, for appellee.

**McGehee, J.,** delivered the opinion of the court.

Prior to her trial and conviction of the murder of Miss Annie Laura Conklin, an elderly lady, who was brutally beaten to death with a stick, fire-poker, and a pair of tongs in her home, at Vicksburg, where she lived alone, the appellant, Mildred Louise Johnson, alias Mildred Louise James, made at first a full confession of her participation in the crime, implicating two other persons, her common-law husband, Jessie James, and father-in-law, Charles H. Bartley, Jr., but later when being arraigned under the indictment in open court, announced to the trial judge that she alone had committed the crime and wanted the two men "turned loose." Thereupon a severance was granted to her said co-defendants, named in the indictment, upon their motion in that behalf, and the appellant was thereafter tried before a jury, found guilty as charged, and sentenced to death.

The proof on behalf of the state aliunde the confession disclosed that prior to the finding of the body of Miss Conklin at about 9 o'clock p. m., the appellant was seen in the yard of her victim on two different occasions during the afternoon of the day on which the murder was committed; that on the second occasion, she was carrying a suitcase or handbag, later found in the possession of a taxicab driver and which was being held by him for her

fare because of the fact that she had been arrested on a charge of drunkenness and placed in jail before paying for the taxi service. In this handbag was found a shirtwaist on which there were bloodstains, and in the pocket of which there was a receipt signed by the deceased in favor of the appellant for house rent. In the confession, given on the next morning, the appellant acknowledged that this handbag belonged to her, that the shirtwaist found therein was her property, that the bloodstains thereon were from the wounds of the deceased, and that the receipt for rent was given to her by the deceased on the occasion of the murder. On the skirt and shoes worn by the appellant when arrested, there was found blood, which she admitted, in her confession, had come from the wounds inflicted on the deceased by her alleged accomplices in crime. It also appears that someone had taken from the scene of the killing a little book which contained certain receipts signed by other persons in favor of the deceased, and the appellant accompanied the officers to a place where she had advised them in advance that she had thrown this book in some Johnson grass, and where she then found the same and turned it over to them.

The details of what had transpired at the home of the deceased were related to the officers by the appellant freely and voluntarily, so far as the proof in this record shows. In fact, no proof was offered upon the trial whereby the truth of this confession was denied or by which the same was claimed to have been obtained through threats, intimidation, promises, or any hope of reward. Nor was there any request for a preliminary investigation by the court in the absence of the jury as to whether or not the confession was free and voluntary. While the court should determine, prior to permitting a confession to go to the jury, whether it was or was not voluntary, it is not error to admit the same in evidence, when it purports to have been made voluntarily, as against an objection that it was involuntary, without first hearing testimony to support the objection, in the absence of an

offer on the part of the defendant to prove the involuntary nature of the confession or of a request for a preliminary. investigation of the matter. State v. Roland, 336 Mo. 563, 79 S. W. (2d) 1050, 102 A. L. R. 601, and cases cited under the A. L. R. annotation thereof; 22 C. J. S., Criminal Law, p. 1468, Sec. 838, whereunder is cited People v. Knox, 302 Ill. 471, 134 N. E. 923; Ellis v. State, 65 Miss. 44, 3 So. 188, 7 Am. St. Rep. 634; Lee v. State, 137 Miss. 329, 102 So. 296; Randolph v. State, 152 Miss. 48, 118 So. 354; and Dobbs v. State, 167 Miss. 609, 142 So. 500, wherein it is held that the failure of the trial court to make the preliminary investigation is not error unless he is requested to do so by the defendant. Obviously, the trial judge would have the right to conduct such an investigation of his own motion if for any reason he should suspect that the confession may have been obtained under such circumstances as to indicate that it was not free and voluntary, but he is not required to do so in the absence of a request therefor. Moreover, when the confession of the accused was offered in evidence in the case at bar, the objection thereto, which was not made until after the same was read to the jury, was general, the specific complaint that the same was involuntary not having been made at any time throughout the trial. Hence, no error can be predicated upon the ruling of the trial court in that behalf.

The appellant also complains that the trial court was in error in refusing the following instruction: ''The court instructs the jury for the defendant that if they believe from the evidence that the statements or confession made by her were obtained through any promise of assistance or hope of reward or through threats, fear, or injury, such statements or confession is inadmissible, and it is your sworn duty to totally disregard them.'' This instruction was properly refused for two reasons: (1) because it was the province of the trial judge, and not of the jury, to decide the issue as to whether the confession was free and voluntary before admitting the

same in evidence; and (2) there was no evidence offered which tended to show that the confession was obtained in the manner suggested by the instruction, even if that question had been one for the determination of the jury.

It is further contended on behalf of the appellant that the trial court was in error in admitting testimony before the jury in regard to the statement made to the trial judge by the appellant when she was being arraigned, when she said: "Judge, I am guilty; I want the two men turned loose." But we are unable to see on what ground it can be said that this statement of appellant was inadmissible.

Finally, it is claimed that the appellant and her two alleged accomplices should have been tried together. Manifestly, no error can be predicated on that contention, since her co-defendants asked for a severance and were entitled thereto as a matter of right. The trial court had no discretion except to sustain their motion in that behalf.

The corpus deliciti was clearly established, the confession of the accused was consistent with the physical facts, and having been freely and voluntarily made, her guilt was proved beyond any reasonable doubt; and the judgment and sentence of death must, therefore, be affirmed, since we find no error was committed by the lower court upon the trial. Wherefore, the date for the execution of the death sentence is fixed for Friday, May 19, 1944.

Affirmed.