STONE *v.* STATE.

Division B.    Dec. 4, 1950.

No. 37697 (49 So. (2d) 263)

Philip Mansour, for appellant.

220

**Joe T. Patterson,** Assistant Attorney General, for appellee.

## Hall, J.

This is an appeal from a death sentence upon a conviction of the murder of Sam Hale, a Negro of the age of approximately 83 years who lived with his wife on a plantation near Greenville. On December 22, 1949, deceased carried his wife to Greenville where she boarded

a bus and went to Belzoni to spend the Christmas holidays with her relatives. He returned to his home late that afternoon and was never again seen alive by any of his neighbors. His wife returned home December 27 and, finding the door of their residence locked from the outside, she presumed that he was not at home and after waiting until nearly dark she went and spent the night with a neighbor. On the next day she returned home and, finding the door still locked, she became alarmed and with the assistance of a neighbor broke open the door and found her husband shot to death in front of the fireplace. When she left home he had approximately $900.00 on his person and when found dead this money was gone.

On December 29 appellant was arrested and charged with the crime. On the following day in the jail at Greenville he made a detailed written confession of the crime which was signed by him in the presence of three deputies who signed it as witnesses. In this confession he stated that on December 21 he broke into the home of Jasper Baker and stole a pistol and on the following day, late in the afternoon, he went to the home of deceased and accosted him just as he was returning and unlocking his door; deceased invited him in and he assisted deceased in obtaining wood with which to kindle a fire; deceased got on his knees to start the fire and while in this position appellant shot him in the back of the head whereupon deceased fell over on his left side and appellant shot him again and took all the money out of his right front pocket and departed. Appellant then went on a spending spree and purchased a large quantity of clothing and other articles.

Appellant's first contention is that the trial court erred in admitting the confession in evidence without first conducting an investigation in the absence of the jury as to its admissibility. A deputy sheriff was offered as a witness by the State and he testified as to the location of the wounds upon deceased and as to the general

location of the rooms in the house. He found on the floor near the body of the deceased a pistol bullet; he also found a pistol in the grass behind appellant's home at the place where appellant told him he had put it and he testified that appellant told him that this was the pistol which he had used on Sam Hale; he further said that no ballistics test was made but that the bullet which he had found came either from that pistol or from one of a simi-·lar type. Jasper Baker identified the pistol as his property and on cross-examination by appellant's attorney it was developed that Baker's house had been burglarized and this pistol stolen therefrom. The aforesaid deputy further testified that at about 1 p. m. on December 30, the day after his arrest, appellant made a statement regarding the crime; that the statement was made freely and voluntarily, without any offer of leniency or hope of reward and without any threat or violence of any nature and after appellant had been advised that any statement he made could be used against him. Thereupon appellant's counsel objected to the introduction of the statement and for the first time asked that the jury be retired; the trial court promptly retired the jury and counsel stated that his objection was upon two grounds: First, because it was not free and voluntary, and second, because it contains a confession of a crime wholly independent of the crime on trial. The objection was overruled and appellant made no offer of any testimony as to the competency of the statement and did not choose to cross-examine the deputy in the absence of the jury. The two other deputies who attested the statement testified to its free and voluntary character without a single objection from appellant and without any request that a preliminary examination be had in the absence of the jury. Appellant testified in his own behalf that he attended school at Tuskegee, one of the most outstanding colored schools of the nation, and went to the seventh grade; he admitted that he understood what he was saying in the statement which he signed, admitted that

there was no violence or threats of violence against him by any of the officers, admitted the voluntary character of the statement, and admitted the truth of every word in the statement except the actual shooting of deceased, which last fact he denied.

In support of his first contention appellant relies on English v. State, 206 Miss. 170, 39 So. (2d) 876, and other cases of similar import, but that case is not in point because there the defendant made a specific request for retirement of the jury and a preliminary investigation as to competency of the statement; however, in the English case, this Court made this applicable comment: "Thus, it may occur that the Court would not reverse in some cases for failure of the trial judge to hold a preliminary inquiry as to whether or not a confession is free and voluntary, depending upon the facts of the particular case. For instance, the accused as a witness in his own behalf may admit making the confession as testified to by the officers, and then fail to detail any facts in connection with the making thereof that would be sufficient to show it not to be free and voluntary." 206 Miss. 176, 177, 39 So. (2d) 878.

The applicable law on the point under consideration is well stated in Johnson v. State, 196 Miss. 402, 407, 408, 17 So. (2d) 446, 447, where it is said: "The details of what had transpired at the home of the deceased, were related to the officers by the appellant freely and voluntarily, so far as the proof in this record shows. In fact, no proof was offered upon the trial whereby the truth of this confession was denied or by which the same was claimed to have been obtained through threats, intimidation, promises, or any hope of reward. Nor was there any request for a preliminary investigation by the court in the absence of the jury as to whether or not the confession was free and voluntary. ██ While the court should determine, prior to permitting a confession to go to the jury, whether it was or was not voluntary, it is not error to admit the same in evidence, when it purports

to have been made voluntarily, as against an objection that it was involuntary, without first hearing testimony to support the objection, in the absence of an offer on the part of the defendant to prove the involuntary nature of the confession or of a request for a preliminary investigation of the matter. State v. Roland, 336 Mo. 563, 79 S. W. (2d) 1050, 102 A. L. R. 601, and cases cited under the A. L. R. annotation thereof; 22 C. J. S., Criminal Law, Section 838, page 1468, whereunder is cited People v. Knox, 302 Ill. 471, 134 N. E. 923; Ellis v. State, 65 Miss. 44, 3 So. 188, 7 Am. St. Rep. 634; Lee v. State, 137 Miss. 329, 102 So. 296; Randolph v. State, 152 Miss. 48, 118 So. 354; and Dobbs v. State, 167 Miss. 609, 142 So. 500, wherein it is held that the failure of the trial court to make the preliminary investigation is not error unless he is requested to do so by the defendant. Obviously, the trial judge would have the right to conduct such an investigation of his own motion if for any reason he should suspect that the confession may have been obtained under such circumstances as to indicate that it was not free and voluntary, but he is not required to do so in the absence of a request therefor."

We accordingly find no error in admitting the confession in evidence, under the facts of this case, without a preliminary inquiry as to whether it was free and voluntary.

Appellant's second contention is that the trial court erred in admitting that part of the confession and other evidence relating to the commission of a separate and independent crime, to wit, the burglary of Baker's house and the larceny of the pistol therefrom. Jasper Baker was offered as a witness for the State and on direct examination merely identified the pistol as being his property; on cross-examination by appellant's counsel it was developed that his home had been entered and the pistol stolen, and as to this it is well settled that a defendant cannot complain of evidence which he himself brought out. As to that part of appellant's state-

ment wherein he admitted breaking into Baker's house and stealing the pistol on the day before the crime, the trial court overruled an objection thereto and under the facts of this case we are of the opinion that he committed no error.

It is unquestionably true, as held by the numerous authorities cited by appellant, that as ▮▮▮ a general rule evidence of a crime separate and independent of that for which a defendant is being tried should not be admitted, but, as with many other general rules of law, there are certain well defined exceptions. In Collier v. State, 106 Miss. 613, 618, 64 So. 373, 374, this Court said: "In the case of Raines v. State, 81 Miss. 489, 33 So. 19, it is stated that 'evidence should be confined to the issue joined, and in criminal cases it should be directed exclusively to the transactions of which the indictment is predicated.' In that case the rule relative to testimony of previous crimes was announced in the following language: 'Upon the trial of an indictment, a previous crime committed by defendant can be proved only: (a) Where it is connected with the one charged in the indictment, and sheds light upon the motive of defendant; or (b) where it forms a part of a chain of facts so intimately connected that the whole must be heard in order to interpret its several parts; or (c) in cases of conspiracy, uttering forged instruments or counterfeit coin, and receiving stolen goods, for the sole purpose of showing a criminal intention.' "

And in Hurd v. State, 137 Miss. 178, 186, 102 So. 293, 295, the Court quoted with approval from 16 C. J. 600, as follows: "The general rule that evidence which shows, or tends to show, the commission, by accused, of other separate and distinct crimes is not admissible is applicable in homicide cases. The exceptions to the general rule are also applicable, and evidence is not to be excluded because it shows, or tends to show, the commission of other offenses where it is otherwise admissible, as where it tends to show that the deceased was actually

slain by violence, or where it points to, or tends to identify, accused as the slayer of deceased, or where it shows or tends to show malice, motive, or a particular intent."

In 22 C. J. S., Criminal Law, Section 684, page 1098, it is said "Evidence of other crimes may also be admissible where bearing on, or necessary to prove, the identity of articles or an instrument connected with the crime charged." And in 22 C. J. S., Criminal Law, Section 686, page 1100, it is further said "As a general rule, evidence of other offenses committed or attempted by accused is admissible to show, or when it tends to show, his criminal intent or purpose with respect to the offense charged". And in 22 C. J. S., Criminal Law, Section 691, page 1141, it is said that in homicide prosecutions evidence tending to show other crimes is not to be excluded "where it shows or tends to show malice, or motive".

In the case at bar there was ▮▮ no prejudicial error in admitting that part of the statement where appellant admitted the larceny of the pistol for it not only identified the instrument with which deceased was slain but it further presented to the jury for their consideration the fact that appellant deliberately armed himself with a deadly weapon which fact has a bearing on his motive and premeditated design to effect the death of deceased.

Appellant's last three points are directed at the refusal of three instructions requested by him. One is upon the question of reasonable doubt and the principles therein were fully covered by appellant's given instructions Nos. 3, 4, 6, 7 and 12. Another is on the admissibility of the confession and directs the attention of the jury to threats, violence and coercion in obtaining the confession; there is not one word of evidence in the entire record from which there could possibly be any finding of either threats, or violence or coercion, and, not being based upon any evidence, the instruction was correctly refused. The last is purely argumentative through-

out and does not announce a single applicable principle of law, and there was no error in its refusal.

The judgment of the lower court is accordingly affirmed and appellant's execution is set for Friday, January 12, 1951.

Affirmed.