WRIGHT *v.* STATE.

Division B. Nov. 12, 1951.

No. 37880 (54 So. (2d) 735)

Richard B. Booth, for appellant.

Geo. H. Ethridge, Assistant Attorney General, for appellee.

## Arrington, C.

The appellant, Henry (Shorty) Wright, was jointly indicted in the Circuit Court of Clay County for the crime of grand larceny, tried, convicted and sentenced to the penitentiary for a period of three years, from which judgment, he appeals.

The facts in this case as to the theft of eight whiteface Hereford steers and one black steer from one H. C. Nason are the same as have heretofore been before this Court in the cases of Gathings v. State, Miss., 46 So. (2d) 800; Quinn v. State, Miss., 46 So. (2d) 802; Quinn v. State, 210 Miss. 304, 49 So. (2d) 396; and Gathings v. State, Miss. 1951, 52 So. (2d) 832. The first two cases, Gathings and Quinn, 46 So. (2d) 800 and 802 respectively, were reversed and remanded by the Court on the ground that the alleged accomplices, who testified upon the part of the State and upon whose testimony conviction depended, repudiated their testimony on a motion for a new trial. The last two cases above cited were also reversed and remanded upon the ground that the evidence was insufficient to support the conviction.

In the case now before us, the State introduced Jack Valliant, who was jointly indicted with the appellant and who had plead guilty and was sentenced to the penitentiary. He testified that he took part in stealing the cattle from Nason's pasture and that the appellant, Shorty Wright, was present, helped drive them up and load them on the trucks. W. Roy Bruce, Chief of Police of West Point, testified that the appellant made a free and voluntary confession as to his guilt in getting the cattle. One Mr. Willie Jim Linn also testified that the appellant admitted his guilt in stealing the cattle.

Thomas Wright, the father of appellant, and Wyoming Wright, his stepmother, testified to an alibi for the appellant. The appellant testified in his own behalf and denied having any part in the stealing of the cattle, however, he admitted that he made the confession as testified to but contended that it was not free and voluntary as ''they scared me up and made me tell it''. Counsel for appellant then introduced Mr. Noel Malone, county attorney, who was prosecuting the case. Mr. Malone testified that the appellant, after having been advised of his rights made a free and voluntary confession of his part in the crime. He testified that the appellant's confession was taken down on a recording machine but that the machine was defective and the record made was not clearly audible, and for that reason, it was of very little value. He further testified that the appellant related in detail all about the stealing of the cattle and what they did with them.

Appellant requested a directed verdict at the conclusion of the State's evidence, which was overruled, but he waived any error therein by putting on his proof.

The appellant in effect argues that the testimony in this case is no stronger than the evidence in the Gathings and Quinn cases heretofore mentioned and contended that the State in this case, is relying upon the testimony of Jack Valliant, being the same Jack Valliant who testified in the Quinn and Gathings cases. In the case at bar, Valliant did not repudiate his testimony as was done in the cases of Quinn and Gathings on the first appeal. He admitted upon cross-examination that he repudiated his testimony in the former trials of Gathings and Quinn and explained why he did so. He was a competent witness in this cause. His admission that he changed his former testimony and the fact that he had plead guilty and was sentenced to the penitentiary would be a matter which would only affect his credibility. In Hill v. State, 199 Miss. 254, 24 So. (2d) 737, 739, the Court held: ''The jury, of course, were the triers of fact,

charged with the duty of rendering a verdict according to the evidence. They were the sole judges of its weight and the credibility of the witnesses, Witt v. State, 159 Miss. 478, 132 So. 338; Henderson v. State, 187 Miss. 166, 192 So. 495. In the exercise of this judgment, they accepted the testimony offered on behalf of the State as presenting the truth of what occurred, which testimony included the evidence given by Robert Thomas, and it is not for us to say that their verdict should be set aside unless manifestly wrong and against the overwhelming weight of the testimony. In this case, it might appear that the State's case was substantially based on a discredited witness, but the jury had its responsibility, as stated, and apparently believed him to be telling the truth on this occasion. We cannot measure how much they believed, or how little. Nor can we appraise how little or how much of the evidence on behalf of appellant the jury believed. The jury had the right to believe portions of testimony of witnesses, rejecting other portions. Triplett v. State, 159 Miss. 365, 132 So. 448. * * * Manifestly, by their verdict, the jurors declared their conviction that appellant was guilty of the crime charged against him, and even though the key witness for the State may have been impeached by several witnesses as to his credibility, and there were discrepancies in his testimony rendered on the occasion of the two separate trials, it was the province of the jury to pass upon the credibility of the witnesses, and also the discrepancies in the testimony of the witness given on the former trial and his testimony in the present trial. Wells v. State, 112 Miss. 76, 72 So. 859.''

The appellant argues that the confessions were not admissible. When the confessions were offered in evidence there was no objection made whatever and there was no request that a preliminary inquiry be conducted to determine the competency of these confessions. In Johnson v. State, 196 Miss. 402; 17 So. (2d) 446, 447, the Court said: ''While the court should determine,

prior to permitting a confession to go to the jury, whether it was or was not voluntary, it is not error to admit the same in evidence, when it purports to have been made voluntarily, as against an objection that it was involuntary, without first hearing testimony to support the objection, in the absence of an offer on the part of the defendant to prove the involuntary nature of the confession or of a request for a preliminary investigation of the matter. State v. Roland, 336 Mo. 563, 79 S. W. (2d) 1050, 102 A. L. R. 601, and cases cited under the A. L. R. annotation thereof; 22 C. J. S., Criminal Law, p[age] 1468, Sec. 838, whereunder is cited People v. Knox, 302 Ill. 471, 134 N. E. 923; Ellis v. State, 65 Miss. 44, 3 So. 188, 7 Am. St. Rep. 634; Lee v. State, 137 Miss. 329, 102 So. 296; Randolph v. State, 152 Miss. 48, 118 So. 354; and Dobbs v. State, 167 Miss. 609, 142 So. 500, wherein it is held that the failure of the trial court to make the preliminary investigation is not error unless he is requested to do so by the defendant. Obviously, the trial judge would have the right to conduct such an investigation of his own motion if for any reason he should suspect that the confession may have been obtained under such circumstances as to indicate that it was not free and voluntary, but he is not required to do so in the absence of a request therefor. Moreover, when the confession of the accused was offered in evidence in the case at bar, the objection thereto, which was not made until after the same was read to the jury, was general, the specific complaint that the same was involuntary not having been made at any time throughout the trial. Hence, no error can be predicated upon the ruling of the trial court in that behalf.''

The evidence on the part of the State was that the confessions were free and voluntary. The only conflict was the testimony of the appellant that he was scared and that they made him tell it. As to the third confession, the appellant introduced Mr. Noel Malone, the County Attorney, who testified to the appellant's con-

fession that it was free and voluntary and the appellant admitted that Mr. Malone made no threats.

■■■ The appellant next urges that the court erred in granting the State the following instruction: "The Court instructs the jury for the State that the burden of proof is on the State to prove the defendant guilty beyond a reasonable doubt, and that if you do believe from all of the evidence that the defendant is guilty beyond a reasonable doubt, then it is your sworn duty to so find by your verdict.

"The Court further instructs the Jury for the State that if you believe from all the evidence that any alleged confession by the defendant was not freely and voluntarily made, or was procured under duress or by placing the defendant in a state of fear, then you may disregard such confession, and that you may disregard any alleged confession made subsequent thereto unless as to such confession you believe from the evidence beyond a reasonable doubt that at the time of the making of such subsequent confession the defendant was entirely free from such previous fear or duress."

The Court, in the case of Brooks v. State, 178 Miss. 575, 173 So. 409, 411, with reference to a similar instruction, said: "The instruction, in effect submits to the jury the admissibility vel non of the evidence of the confessions, with which the jury have nothing to do. The admissibility of a confession is for the determination of the trial judge; and, when admitted, the jury may consider it in the light of the evidence by which it was obtained and give it such weight and credibility as they think it is entitled. They should not reject it entirely unless they believe from the evidence that it is false. Ellis v. State, 65 Miss. 44, 3 So. 188, 7 Am. St. Rep. 634; 2 Wigmore on Evidence (2d Ed.) § 861."

We are of the opinion that this instruction, although obtained by the State, was favorable to the appellant and he is in no position to complain. The Court further said in the Brooks case, supra, that an error committed

by a trial judge in the granting and refusing of instructions does not warrant reversal of the judgment rendered unless it appears that the appellant was prejudiced thereby. We are of the opinion that the evidence in this case is sufficient to support the verdict of the jury and that it is a much stronger case than the evidence for the State in the Gathings and Quinn cases, supra. We find that there is no merit in the other assignments of error, which are not argued and are, therefore, waived.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is affirmed.

**Hall, J.,** took no part in decision of this case.